# Staunton.

## ASHBY v. BELL'S ADM'R.

### OCTOBER 1ST, 1885.

1. APPELLATE COURT—*Commissioners' reports.*—It is well settled by repeated decisions of this court, that commissioners' reports, not excepted to, cannot be impeached before an appellate court in relation to matters which may be affected by extraneous testimony.

2. JOINT OBLIGATIONS—*Suit v. several—Defence by one.*—Where suit is on joint obligation, the bill is taken for confessed, and one of several defendants appears and disproves plaintiff's case, unless it be on some matter of defence which is purely personal to himself, plaintiff is not entitled to a decree against the others, but the bill must be dismissed.

3. ADMINISTRATORS—*Sureties—Devastavit—Statute of limitations—Case at bar.*—In 1865, E. sued out distress warrant against estate of J., deceased, which had been committed to sheriff, administrator, who wasted it. Warrant was placed in hands of sheriff's deputy to levy. It was never levied, but was returned to, and remained effete in clerk's office until 1880, when E.'s administrator brought chancery suit against sheriff-administrator and his two sureties, alleging the *devastavit*, and asking relief. Against principal and all his sureties, except A., the bill was taken for confessed. A. answered and plead statute of limitations.

HELD:

1. The claim of E.'s administrator for the *devastavit* was debarred as against sheriff-administrator's sureties, *though not against himself*, when the suit was brought in 1880.

2. The suit being on the joint obligation of all the sureties, the defence by A., *not being purely personal to him*, enured to the benefit of all, and no decree can be entered against any.

Appeal from decree of circuit court of Clarke county, pro-

nounced October 9th, 1884, in the chancery cause of E. Bell's administrator *against* Jonas P. Bell's administrator and others.

The bill was filed at the July rules, 1880, by the administrator of Emily Bell, deceased, who is the appellee here, against Washington Ferguson, late sheriff of Clarke county, and as such, committee administrator of Jonas P. Bell, deceased, and the sureties on his official bond. The claim asserted in the bill was, that at the death of the said Jonas P. Bell, which occurred during the late war, he was indebted to the plaintiff's intestate on account of rent for a certain farm, situate in the said county. That at the September term, 1865, of the county court of the said county, the estate of the said Jonas P. Bell, deceased, was committed for administration to the said Ferguson, sheriff, as aforesaid. And that soon thereafter, a warrant of distress was issued in favor of the said Emily Bell, directed to the said Ferguson as sheriff, commanding him to levy the same upon the goods and chattels of the estate of the said Jonas P. Bell, deceased, to satisfy the said claim for rent reserved upon contract. That said warrant of distress went into the hands of one James W. Ryan, a deputy of the said Ferguson, and was levied by him upon all the personal property belonging to the said estate, which was embraced in the appraisement list of the estate returned by the administrator to the clerk's office of the county court of the said county. That the property so levied on was not sold by virtue of the said warrant of distress, but was sold by the administrator; and that the proceeds of sale were never paid over, either to the said Emily Bell in her lifetime, or to the complainant after her death, but that the said indebtedness remains wholly unpaid. That the said Ferguson, as committee administrator as aforesaid, has never made any settlement of his accounts as such; but that he has wasted the estate, and converted the same to his own use. And the prayer of the bill was for all proper accounts to be taken; that the debt due the complainant be established as a preferred debt to be paid out of the estate of the said Jonas

Bell, deceased; and that a decree therefor be rendered against the said administrator and his sureties.

The bill was taken for confessed as to all the defendants; and subsequently, at the November term, 1880, Buckner G. Ashby, one of the sureties, and who is the appellant here, appeared, and by leave of court, filed his answer. The answer denied that the said Jonas Bell was ever the tenant of the complainant's intestate, and averred that though the farm of the latter was occupied by the said Jonas Bell a short while before the war, he occupied the same, not as tenant, but to protect it for its owner. It also denied that any warrant of distress ever issued, or was ever levied as alleged in the bill, or that there was ever any indebtedness on the part of the estate of the said Jonas Bell, deceased, either to the complainant or to his intestate in her lifetime; and that if any such indebtedness as alleged in the bill ever existed, it had long since been barred by the statute of limitations, of which statute the respondent claimed the benefit. And it also averred that the alleged liability against the respondent by reason of his suretyship on the official bond of the said Ferguson was barred by the same statute.

The cause was referred to a commissioner for an account, which was duly taken and returned to the court. In his report the commissioner said: "The claim of the complainant is for rent of property of Miss Emily Bell prior to, and during the late war. It has been proved before me that Jonas P. Bell occupied said property, and that its rental value was at least the amount claimed. A distress warrant was issued November 23, 1865, and placed in the hands of the sheriff, for the amount above stated. Said distress warrant with the sheriff's return thereon, and a copy of the order of the county court of Clarke county, entered at its        term, 186 , filing the same, have been laid before me, and are, with the other evidence touching this claim, returned herewith. B. G. Ashby pleads the statute of limitations in bar of this claim, and I think it is

barred. I have, however, stated the claim, that its amount may be known to the court."

The return on the distress warrant, to which reference in the commissioner's report is made, is as follows:

"The estate of J. P. Bell, deceased, committed to the sheriff by the county court. As deputy sheriff, I have taken an inventory and appraisement of his property, and advertised it for sale on the 25th November, when the within warrant of distress came into my hands. The plaintiff, Emily Bell, directed that the sale should proceed upon the terms as advertised as court administrator, which was accordingly done, and I have the bonds taken at the sale, and am ready upon the determination of the court and its direction to hand them over to whomsoever they may be adjudged to belong.

　　　　　・(Signed)　　　JAMES W. RYAN. D. S."

To the report of the commissioner the plaintiff excepted, "because," in the words of the exception, "it sustains plea of statute of limitations to complainant's demand." No other exception to the report was taken. The cause coming on to be finally heard, the exception was sustained, "the court being of opinion that by the distress warrant issued at the instance of the complainant's intestate and filed in the papers of the cause, a lien was effected upon the property of the said Jonas Bell, now deceased, and that a recovery in this case is not barred by the statute of limitations." And, accordingly, it was further decreed that the complainant recover of the defendants the sum of $504.21, with interest, etc.

From this decree Ashby appeals.

*McDonald & Moore*, for appellant.

*M. McCormick*, for appellee.

LEWIS, P., after stating the case, delivered the opinion of the court.

It is clear that, inasmuch as there was no exception taken by the appellant in the lower court to the commissioner's report, the asserted claim must be held to be established as for *rent* due the estate of the plaintiff's intestate, and that the decree must be affirmed, unless on other grounds the contention of the appellant is well founded. For it is settled by repeated decisions of this court, that commissioners' "reports not excepted to, cannot be impeached before an appellate court in relation to matters which may be affected by extraneous testimony." *Peters* v. *Neville's trustee*, 26 Gratt. 549; *Cole's committee* v. *Cole's administrator*, 29 Id. 365; *Simmons* v. *Simmons' administrator*, 33 Id. 451.

It is insisted, however, that the claim is barred by the statute of limitations, and that the circuit court erred in sustaining the plaintiff's exception to the commissioner's report. On the other hand, it is contended that the running of the statute was suspended by the issuing of the distress warrant, on the 23d November, 1865. And it would seem from the language of the decree appealed from that, in the opinion of the circuit court, the warrant was actually levied, since it is held that "*a lien was effected*" on the goods and chattels of the estate of Jonas Bell, deceased; and that, therefore, the plaintiff's right to recover was not barred by the statute. The answer, however, which is responsive to the bill, denies that the warrant was levied; and it is evident from the terms of the report that such was the conclusion of the commissioner. At all events, he does not report that there was a levy, but says: "a distress warrant was issued  *   *   which with the sheriff's return thereon,   *   *   is returned herewith."

Looking, then, to the return, we find that it does not show that a levy was made, but that the personalty had been inven-

toried and advertised for sale by the sheriff as administrator when the warrant was received; and further "that the plaintiff, Emily Bell, directed that the sale should proceed upon the terms as advertised　*　*　which was accordingly done." And then the return concludes as follows: "I have the bonds taken at the sale, and am ready, upon the determination of the court　*　*　to hand them over to whomsoever they may be adjudged to belong."

It is to be observed that no question has been raised, either here or in the lower court, as to the regularity or legality of this return. On the contrary, the same has been treated throughout as regular and as competent evidence of the facts stated therein. And this being so, we are constrained to conclude that the warrant was returned without having been levied. For why submit to the court the determination of the question as to whom the proceeds of the sale were payable, if there had been a levy and sale under the distress warrant? If such had been the case, the mandate of the warrant itself would have been a sufficient guide for the officer's action in the premises, without invoking the direction of the county court, especially as there were no conflicting claims of creditors to the fund. In short, it is manifest that the only reasonable inference from the return is, that the property was sold by the sheriff in his capacity as administrator, and that no levy under the warrant was made, in consequence of the instructions of the plaintiff herself. The warrant appears to have been returned to the clerk's office of the county court and there filed, and no action seems to have been taken in the matter until the institution of the present suit, nearly fifteen years thereafter.

But it is unnecessary to place the decision of the case on the ground that the warrant was in fact not levied. Suppose it had been levied. This is not a suit to enforce a lien upon specific property; and if it were, there is no property upon which the alleged lien could be enforced, for all the effects of the estate

were sold by the administrator, in 1865, and presumably went into the hands of purchasers for valuable consideration, without notice of the claim of the plaintiff's intestate.

In *Franklin's adm'r* v. *Depriest*, 13 Gratt. 257, a suit in equity was instituted, alleging a *devastavit* on the part of the executor, and praying a decree for the plaintiff's claim. The case resulted in a protracted litigation, coming to this court, then going back for further proceedings to the circuit court, and finally a decree was entered in the plaintiff's favor. Thereupon an action at law on the executorial bond was begun, to recover the amount of the said decree; and it was held, in reply to the defence of the statute of limitations, that the statute did not begin to run in favor of the surety until the entry of the decree in the equity suit ascertaining the liability of the executor.

In *Leake's ex'or* v. *Leake et als*, 75 Va. 793, a creditor of the estate brought an action of *assumpsit* against the executor, in 1860, and recovered a judgment therein, in June, 1870. And within one year thereafter he filed his bill in equity against the executor and his sureties for satisfaction of the judgment. The defendants relied on the *ex parte* settlements of the executor, and insisted that the plaintiff's right to surcharge and falsify the same was barred after the lapse of five years. But this defence was overruled, this court saying that if there is any limitation in case of a *devastavit* at all, it is certainly not less than ten years.

A similar defence was relied on by the executor and his sureties, and with the same result, in the subsequent case of *Sharpe's ex'ors* v. *Rockwood et als*, 78 Va. 24, the court holding that the pendency of another suit by other parties against the executor, which enured to the benefit of the plaintiff in the suit then under consideration, effectually protected the claim of the plaintiff from the statutory bar attempted to be set up.

But very different from these cases is the present case. Here, although the claim is alleged in the bill to have accrued prior

to the year 1865, yet no suit was instituted to recover it, until 1880. And to hold that the mere issuing of a distress warrant, fifteen years before the suit was instituted, which was returned unexecuted, and which has remained filed in the clerk's office, without vitality or effect, until the present time, operated to suspend the running of the statute of limitations, would be to announce a doctrine unsupported by principle or authority.

We are of opinion, therefore, that the right of action accrued when the warrant was returned by the sheriff, if not before, and that the case is within the statute, which enacts that upon the bond of a sheriff acting as a personal representative, suit shall be brought within ten years after the right of action shall have first accrued; which provision, however, applies only to the sureties on the bond, and not to the principal himself or his personal representative. Code 1873, ch. 146, secs. 8 and 9; 4 Minor's Insts. 508. Nor is the case of the appellant affected by anything contained in the last-mentioned section, which, among other things, provides that the right of action in favor of one obtaining execution against a personal representative, or to whom payment or delivery of estate in the hands of such representative shall be ordered by a court acting upon his account, "shall be deemed to have first accrued from the return-day of such execution, or from the time of the right to require payment or delivery upon such order, whichever shall happen first." For here there has been no execution against the appellant's principal, nor, prior to the institution of the present suit, any settlement of his accounts. The time at which the right of action accrued must, therefore, be determined independently of the statute. *Franklin's adm'r* v. *Depriest, supra.*

But the appellee insists that, conceding this to be true, the decree having been taken for confessed against all the defendants, and only one of them, namely, the appellant here, having afterwards answered, the decree must stand as against all, except the appellant. This position, however, is not well taken. The rule is, that where in a suit on a joint obligation, the bill

is taken for confessed, and one of several defendants appears and disproves the plaintiff's case, unless it be on some matter of defence which is purely personal to himself, the plaintiff is not entitled to a decree against the others, but the bill will be dismissed as to all the defendants.

In *Cartigue* v. *Raymond,* 4 Leigh, 579, a bill was filed by a distributee against an administrator and his surety, alleging that the administrator had not duly accounted, and praying that an account be ordered, etc. The bill was taken for confessed as to the administrator, but the surety answered, and showed that on a final settlement, the plaintiff had released the administrator. The bill was dismissed as to both defendants, and on appeal to this court the decree was affirmed.

The same doctrine had previously been held in *Clason* v. *Morris,* 10 Johns. 525, wherein, speaking for the court, Spencer, J., said: "I believe not a case can be found in which it is insinuated that where there are two defendants having a joint interest, and one appears and answers, and disproves the plaintiff's case, that the plaintiff can have a decree against the other who had made default, and against whom the bill was taken *pro confesso.* It would be unreasonable to hold that because one of the defendants had made default, the plaintiff should have a decree even against him, when the court is satisfied from the proofs offered by the other, that in fact the plaintiff is not entitled to a decree." See also 2 Barton's Chy. Pr. sec. 240.

The rule, however, as we have said, does not apply where the defence set up by the defendant who answers is not common to all the defendants: as, for example, when the defence is infancy, bankruptcy, and the like. In such case, the decree against those who have made default is not affected, but will remain in full force as against them. And so here the appellee contends that the defence of the statute of limitations is a personal privilege, and to avail must be pleaded by the party who would take advantage of it.

To a certain extent this proposition is undeniable. It is true,

it is not for the court *ex mero motu* to interpose the defence in behalf of a defendant who does not choose to interpose it for himself. For, as was said by Judge Richardson in *Smith* v. *Hutchinson*, 78 Va. 683, "the court sits to determine all questions of law and practice under established rules, and not to interpose or plead    *    *    special defences for defendants, who, by their conduct in failing to appear and make defence, in effect say that they cannot gainsay the plaintiff's right."

But here the interest of the defendants is joint, and the defence set up by the appellant is, that the plaintiff's right of action is barred, not as against him alone, but all the sureties on his principal's bond. And it is difficult to see why the defence thus relied on should not enure to the benefit of all the sureties, and with the same effect, as if, instead of that defence, the appellant had pleaded and proved a release by the plaintiff, or payment in full of the asserted claim, or any other defence going to the foundation of the plaintiff's right to a decree at all. Certainly no authority has been cited to support any such distinction as that contended for by the appellee, and it is perhaps safe to say none can be found.

For these reasons we are of opinion that the decree, so far as it affects the appellant and his co-sureties, is erroneous, and to that extent must be reversed.

DECREE REVERSED IN PART.