## Richmond

CARROLL T. FUNKHOUSER, ADMINISTRATOR, ETC. v. RALPH LEE
MILLION.

June 10, 1968.

Record No. 6682.

Present, All the Justices.

*Ralph Lucian Payne* for plaintiff in error.

*Hardee Chambliss* for defendant in error.

CARRICO, J., delivered the opinion of the court.

This appeal, in a wrongful death by automobile case, involves the
question of the trial court's refusal to award judgment in favor of the

plaintiff against a defendant in default. The situation developed in the following manner:

On March 16, 1964, Carroll T. Funkhouser, administrator of the estate of Jean E. Funkhouser, deceased, the plaintiff, filed a motion for judgment against Ralph Lee Million and Barrett Construction and Realty Corporation, seeking to recover damages for the allegedly wrongful death of Jean E. Funkhouser. The motion for judgment alleged that the deceased was killed as the result of a collision between an automobile driven by her and a vehicle operated by Million as the agent, servant, and employee of Barrett. The motion further alleged that the collision occurred as the result of the negligence of Million.

Million, although served in person with process on April 29, 1964, did not file responsive pleadings or otherwise appear within twenty-one days of such service. Barrett filed grounds of defense in which it alleged that at the time of the collision, Million was not its agent, servant, and employee and was not operating the vehicle with its permission. Barrett's grounds of defense further asserted the contributory negligence of the deceased as an affirmative defense.

On July 27, 1964, the plaintiff moved for default judgment against Million. In an *ex parte* hearing held on the same date, the plaintiff submitted evidence as to damages and also presented the testimony of a witness as to the manner in which the accident occurred. The court made no decision on the motion for default, but took the matter under advisement.

On June 25, 1965, approximately fourteen months after he was served with process, Million, by written motion, asked that he be permitted to file responsive pleadings.

On December 15, 1965, the plaintiff moved to nonsuit his action against Barrett; and on the same date, the court entered an order allowing the nonsuit and continuing the action as to Million.

On October 26, 1966, the trial court entered its final order. While the court denied Million leave to file responsive pleadings, it also denied the plaintiff's motion for default judgment against Million and dismissed the plaintiff's motion for judgment.

We do not have before us the question of whether the trial court properly denied Million's motion for permission to file responsive pleadings. The court's action in refusing to grant such permission is final and is determinative of the fact that Million did not have reasonable excuse for his failure to interpose timely defense to the plaintiff's claim. The sole question to be decided, therefore, is whether

the court erred in refusing to award the plaintiff default judgment against Million and in dismissing the plaintiff's motion for judgment.

In a memorandum opinion made part of the final order, the trial court explained that it was refusing the plaintiff default judgment against Million because by producing evidence at the *ex parte* hearing as to the details of the accident, the plaintiff had voluntarily undertaken to prove liability and not only had failed to show that Million was negligent, but had shown conclusively that the deceased was guilty of contributory negligence.

The evidence upon which the court relied in denying the plaintiff default judgment against Million consisted of the testimony of Welca De Weir Braswell, Jr., who was driving an automobile along the highway behind the Million vehicle when the collision occurred. The plaintiff says that he submitted Braswell's testimony because it "tied the tragedy" to Million and showed "the horror of the death of the deceased." The plaintiff contends that the submission of the testimony could not "possibly lose the case for him" because "once the defendant Million was in default, the plaintiff was entitled to a default judgment and an assessment of damages."

We need not decide whether the plaintiff's purpose in submitting Braswell's testimony was valid or whether the trial court's characterization of such submission as a "voluntary undertaking" to prove liability in the case was proper. In either event, in view of the plaintiff's continued insistence throughout the proceedings upon his right to a default judgment, his action in presenting Braswell's testimony did not constitute a waiver of such right. *The Covington Virginian* v. *Woods*, 182 Va. 538, 547, 29 S. E. 2d 406, 410 (1944); *Carpenter* v. *Gray*, 113 Va. 518, 522-526, 75 S. E. 300, 301-303 (1912).

Nor do we decide the question of whether Braswell's testimony was entitled to the effect, given it by the trial court, of disproving the negligence of Million and conclusively showing the contributory negligence of the deceased. That question might be open to serious debate in a proper case, but in the view we take of the situation, such testimony should not have been considered because it was irrelevant and immaterial to the sole issue of damages before the court at the time it ruled upon the motion for default judgment.

Million contends, however, that although the plaintiff was not required to prove his case, he "unaccountably presented evidence" showing that he "was not entitled to a judgment" and cannot say,

therefore, that the trial court erred in considering such evidence. The court's consideration of the evidence, Million says, was especially appropriate in view of the fact that at the time of the *ex parte* hearing, Barrett's defensive pleadings were on file asserting the contributory negligence of the deceased as an affirmative defense. Those pleadings inured to his benefit as well as to Barrett's, Million argues, and although the plaintiff attempted to avoid the effect of the presence of the pleadings by nonsuiting Barrett, such action came too late because the plaintiff had already furnished proof of the defense of contributory negligence set out in Barrett's grounds of defense.

In support of his position that he was entitled to the benefit of Barrett's pleadings, Million relies upon the case of *Ashby* v. *Bell's Adm'r.*, 80 Va. 811 (1885), a chancery proceeding for an accounting brought against a sheriff administrator and the sureties on his official bond. Though served with process, none of the defendants appeared except one of the sureties who filed an answer asserting that if any indebtedness as claimed in the bill ever existed, it was barred by the statute of limitations.

This court pointed out that the interest of the defendants was joint and that the defense set up by the surety who answered was that the right of action was barred by the statute of limitations as against all the sureties on the bond, and not the answering surety alone. It was held that the statute barred the suit against the sureties who failed to appear as well as the one who answered. The opinion states:

> ". . . The rule is, that where in a suit on a joint obligation, the bill is taken for confessed, and one of several defendants appears and disproves the plaintiff's case, unless it be on some matter of defence which is purely personal to himself, the plaintiff is not entitled to a decree against the others, but the bill will be dismissed as to all the defendants." 80 Va., at 818-819.

We reserve for a proper case the determination of whether the foregoing principle, recognized in a chancery cause decided before adoption of the present Rules of Court, should apply to a case such as the one before us, an action at law governed by the Rules. There is a significant difference between the state of the pleadings in this case and that existing in *Ashby*.

The simple fact is that when the trial court denied the plaintiff's motion for default judgment, there was no pleading before the court asserting a defense on behalf of anyone. At the time of decision,

Barrett had been nonsuited as a party, and its pleadings were no longer entitled to legal efficacy. It is the date of the ruling upon the motion for default judgment, and not the time of the *ex parte* hearing, which is controlling in this case; and at that crucial point, Million's default was just as complete and of the same effect under the Rules as though Barrett had never pleaded.

Rule 3:5, Rules of Court, provides as follows:

"A defendant may within twenty-one (21) days after service on him of the notice of motion for judgment file in the clerk's office his pleadings in response, and if he fails to file a pleading he is in default. Pleas of the general issue are abolished. If he files no other pleading than grounds of defense, he shall file his grounds of defense within said time."

Rule 3:19 provides as follows:

"A defendant who fails to plead to a notice of motion for judgment within the required time is in default. He is not entitled to notice, including notice to take depositions, of any further proceedings in the case. He waives trial by jury and all objections to the admissibility of evidence. The court shall, on motion of plaintiff, enter judgment for the amount appearing to the court to be due. If the relief demanded is unliquidated damages the court shall hear evidence and fix the amount thereof, unless the plaintiff demands trial by jury, in which event, a jury shall be impaneled to fix the amount of damages."

In *Chappell* v. *Smith*, 208 Va. 272, 274, 156 S. E. 2d 572, 574 (1967), an automobile negligence case, the defendant failed to plead within the time provided by Rule 3:5. We said:

"Under our present practice and procedure in actions at law, the effect of the failure of a defendant to plead within the time prescribed by Rule 3:5 is that he cannot defend on the merits of the case and he admits that plaintiff is entitled to recover some damages, however small. However, he does not concede the amount of damages on an unliquidated claim. Rule 3:19 provides the procedure for ascertaining damages after defendant is in default. . . .

"Where damages are unliquidated, Rule 3:19 provides that the court or the jury shall hear evidence and fix the amount of damages. . . ."

The foregoing quotation applies with equal force here. The failure of Million to plead responsively to the plaintiff's motion for judgment was an admission that the plaintiff was entitled to recover some damages from him. Inherent in that admission was the acknowledgment by Million of the negligence charged against him as proximately causing the collision and the concession that the deceased was free of contributory negligence.

Thus, under the circumstances of this case, the only issue before the trial court when it acted upon the plaintiff's motion for default was the amount of damages to be awarded for the death of the deceased; and it was the court's duty, sitting without a jury, to fix such damages. With Million's failure to plead given its full effect, any evidence as to the manner in which the accident occurred was irrelevant and immaterial to the situation with which the court was ultimately confronted.

The judgment in favor of Million will, accordingly, be reversed and set aside, and the case remanded for the entry of a judgment in favor of the plaintiff against Million in such amount as may be determined to be fair and just in light of the evidence relating to damages submitted by the plaintiff.

*Reversed and remanded.*