## Richmond

RONALD V. FACCHINA v. MILDRED B. RICHARDSON AND EBERT HOLMES.

RONALD V. FACCHINA v. JOHN E. RAINS AND EBERT HOLMES.

November 27, 1972.

Record Nos. 7903 and 7902.

Present, All the Justices.

*Norman F. Slenker (Duff, Slenker, Brandt & Jennings,* on brief), for plaintiff in error in Record Nos. 7903 and 7902.

*George A. Fath; J. E. Wingfield; John F. Gionfriddo,* for defendants in error in Record Nos. 7903 and 7902.

HARMAN, J., delivered the opinion of the court.

These two cases, arising from the same automobile crash, were consolidated for trial. The jury returned separate verdicts in favor of the plaintiffs, Mildred B. Richardson (Richardson) and John E. Rains (Rains), against only one of the defendants, Ronald V. Facchina (Facchina). Such verdicts amounted to verdicts in favor of the codefendant, Ebert Holmes (Holmes). *Mobley* v. *Pendleton*, 212 Va. 418, 184 S.E.2d 798 (1971). We granted writs of error to review the orders granting judgments on the verdicts to Richardson for $40,000 and to Rains for $1,000.

The three major assignments of error urged by Facchina are:

(1) that the trial court erred in refusing to grant a pretrial motion by Facchina to restrict and prohibit testimony before the jury that Facchina was drinking alcoholic beverages prior to the automobile crash;

(2) that the trial court erred in admitting in evidence a certificate from Richardson's employer showing her hourly wage rate and the time that she was absent from work following the accident; and

(3) that the trial court erred in refusing to grant two instructions tendered by Facchina telling the jury of the presumptions which arise when a party fails to testify or produce evidence which is controlled by him.

Richardson and Rains were injured on October 4, 1968, when Rains' automobile was struck by a car driven by Holmes. U. S. Route 1, at the point where the crash occurred, is a four-lane highway running generally from north to south with two traffic lanes designated for northbound traffic and two for southbound traffic. Rains, who had been traveling north on the highway accompanied by Richardson, had stopped his car in the inside or left northbound traffic lane waiting for oncoming southbound traffic to clear before making a left turn into the parking lot of a grocery store on the west side of the highway.

The car driven by Holmes, who had been driving south in the inside or left traffic lane for southbound traffic, and the car driven by Facchina, which had been traveling south in the right or outside traffic lane for southbound traffic, collided. As a result of this impact Holmes lost control of his car which went into the northbound lane and collided with Rains' car inflicting the injuries suffered by Rains and Richardson.

The evidence presented was in sharp conflict as to the cause of the initial impact between Holmes' car and Facchina's car. The jury has resolved that conflict by accepting the evidence which

showed Facchina, in changing lanes, negligently drove into Holmes' car and caused it to collide with the car occupied by the plaintiffs.

Prior to trial Facchina made a motion that no evidence be admitted of "alleged drinking" on his part. The record discloses no proffer of proof then of the nature, extent or character of the evidence sought to be excluded. The court, in denying the motion, told Facchina's counsel that the court did not "feel (it) was in a position to rule on (the motion) in advance" and that this ruling "does not preclude you from raising any objection later on." It is apparent that this was a correct ruling on the motion in view of the state of the record at that time.

Facchina, called as an adverse witness at trial by the plaintiff, was asked, without objection, whether he had been drinking on the day in question. When his response was in the negative, the plaintiffs, again without objection, confronted Facchina with an earlier deposition in which he stated: "That day I think I drank a beer after dinner and sometimes I drink one for lunch. I wouldn't want to say I didn't have anything to drink that day, but that evening I didn't drink anything before the game."

When the investigating officer was called as a witness he testified, without objection, "I asked (Facchina) what happened and at that time he wouldn't state anything to me." The officer's testimony then disclosed, again without objection, that he "could smell some alcohol on (Facchina's) breath."

Facchina argues here that the evidence of intoxication before the trial court amounted to no more than "a mere odor" of alcohol and that the trial court should have excluded this evidence under the doctrine laid down in *Burks* v. *Webb, Adm'x.,* 199 Va. 296, 99 S.E.2d 629 (1957), and its progeny.

Since Facchina failed to save this point by timely objection at a time when the court could intelligently rule upon it, we will not consider the merits of this assignment now. Rule 5:7, Rules of Court; *Wash* v. *Holland,* 166 Va. 45, 183 S.E. 236 (1936).

We next consider the alleged error in the admission of a certificate from Richardson's employer showing her hourly wage rate and the amount of time she was absent from work following the accident.

Prior to trial Richardson's attorneys, under Rule 4:11, filed a request that the defendants admit the genuineness of certain documents filed with the request. These documents included a certificate solicited by Richardson from her employer. This document was a

summary of the employer's records that showed Richardson's wages were computed at an hourly rate of $3.36 and that she was absent from her work for 503 hours following the accident. Facchina's answer admitted that this document was genuine but specifically stated that Facchina "will not concede or admit to the admissibility of the documents without appropriate foundation."

The certificate was admitted in evidence at trial over Facchina's objection.

While we agree with Facchina's objection that the document was not admissible because of the hearsay rule, we find its admission to be harmless error since other competent evidence clearly established Richardson's lost time from work following the accident and her approximate hourly rate of compensation. *Greenberg* v. *Dunville*, 166 Va. 398, 404, 185 S.E. 892, 894 (1936).

■ The alleged error in refusing to grant either Instruction JJ[1] or Instruction KK[2] offered by Facchina will now be considered.

Holmes, the codefendant, was a nonresident of Virginia and an uninsured motorist. The plaintiffs proceeded against him by service on the Commissioner of Motor Vehicles. Copies of the motions for judgment were served on the Aetna Casualty and Surety Company and Volkswagen Insurance Company, who were uninsured motorist insurance carriers under Code § 38.1-381(e) (1). Each of the companies filed grounds of defense in its own name and participated in the pretrial proceedings.

Holmes did not plead nor did he appear for trial.

At trial the attorneys for the insurance companies sought to obtain leave of court to tell the jury why Holmes was not present and to disclose to the jury that they were present representing the insurance carriers. Upon Facchina's objection, the court properly denied the request. *Travelers Insurance Company* v. *Lobello*, 212 Va. 534, 186 S.E.2d 80 (1972).

The presumptions which might normally arise upon the failure of a party to testify or produce evidence controlled by him have

---

[1] **INSTRUCTION JJ**

The Court instructs the jury that where a party to litigation is in possession of vitally material facts and fails to testify to them or, indeed, fails to appear and testify to these facts, there arises a presumption that if he had testified thereto his testimony would not have supported his theory of the case.

[2] **INSTRUCTION KK**

The Court instructs the jury that where one party to a legal controversy has within his control evidence on the matters in issue and he does not produce it, there arises a presumption that its effect, if produced, would be against the party failing to appear or withholding the production of such evidence.

no application to a factual situation such as is presented here. This is so because to apply such presumptions would create an undue advantage for Facchina while denying the insurance carriers, the real parties in interest, an opportunity to explain Holmes' absence.

We have carefully reviewed the other assignments of error and find them to be without merit.

*Affirmed.*