## CIRCUIT COURT OF FAIRFAX COUNTY

Jennifer Robertson

    v.

Timothy M. Ramberg

January 30, 1989

Case No. (Law) 81387

By JUDGE MICHAEL P. McWEENY

This matter came before the Court on January 27, 1989, upon United Services Automobile Association's motion for entry of a Judgment Order. The entry was opposed by defendant Ramberg citing § 38.2-2206(G) of the Virginia Code. The Court took the matter under advisement for review of the authorities.

The language in controversy follows the recitation of payment and subrogation rights and reads as follows:

and therefore judgment is entered in favor of United Services Automobile Association against Timothy M. Ramberg in the amount of $68,000.00 plus interest and costs.

This language refers to the Uninsured Motorist Coverage subrogation right of United Services Automobile Association to recover from Timothy Ramberg the sums which it paid the plaintiff. Section 38.2-2206(G) provides, in part, that:

Any insurer paying a claim under the [Uninsured Motorist] endorsement . . . shall be subrogated to the rights of the insured to whom the claim

was paid against the person causing the injury
. . . .

In Virginia, subrogation rights granted by statute have been described as "a unique category of insurance coverage." The carrier, upon becoming subrogated, becomes the beneficiary of the same rights as those of the insured. *See United Services v. Nationwide Mutual*, 218 Va. 861 (1978), and the earlier line of cases. In effect, the carrier steps into the shoes of the insured. Where the claim has not been reduced to judgment and the carrier chooses to settle the claim, the subrogated right is to proceed to judgment against the tortfeasors.

In the case at bar, the claim has been reduced to a judgment, and the carrier is entitled to benefit from the judgment already obtained. Defendant Ramberg argues that to recover under its subrogated rights, the carrier must now file an additional suit to effect recovery. The Court disagrees. The "insured," Jennifer Robertson, may not proceed in a second suit against defendant Ramberg, as such an action is barred by the doctrine of *res judicata*. The carrier as subrogee obtains no greater right. Instead, the carrier, United Services Automobile Association, obtains the full benefit of the existing judgment and is entitled to enforce it through the insured in the same fashion as if it were the named plaintiff.

Accordingly, while defendant Ramberg's argument is overruled, the Judgment Order may not be entered granting a second judgment in favor of United Services Automobile Association. United Services Automobile Association may substitute counsel and enforce the existing jury verdict.