## CIRCUIT COURT OF ALBEMARLE COUNTY

Mary B. Hodges

v.

Donald Perry

Case No. (Law) CL97-6643

BY JUDGE PAUL M. PEATROSS, JR.

September 15, 1997

This matter comes before the Court on the Motion to Compel Discovery filed by Plaintiff against State Farm Mutual Automobile Insurance Company, who is the underinsured carrier for Plaintiff, who was given notice pursuant to Section 38.1-2206 of the Code of Virginia of 1950, as amended by being served with a copy of the Motion for Judgment.

Plaintiff filed first interrogatories to State Farm on July 10, 1997. State Farm filed objections to the Plaintiff's first set of discovery on July 15, 1997. On or about August 12, 1997, State Farm filed its response to Request for Production of Documents and supplemental sheet representing State Farm's answer to first interrogatories.

The first ground for the Motion to Compel was that State Farm failed to answer interrogatory number 1 which required the name, address, and telephone number of the individual answering the interrogatories on behalf of State Farm. The answers to the discovery were in the name of State Farm, by counsel, and no agent or representative of the company signed the answers before a notary public.

Although Rule of Court 4:8 governing interrogatories and Rule 4:9 governing production of documents indicate discovery on any other "party,"

State Farm has filed a Grounds of Defense in its behalf, and by filing a response, this Court rules that it must answer the interrogatories under oath under the procedures noted in the Rules of the Supreme Court of Virginia.

With respect to interrogatory number 5, the Court finds that State Farm has failed to answer the interrogatory as required, and the Court orders State Farm to file a complete answer addressing all of the questions propounded within ten days of entry of an order by the Court.

Regarding interrogatory number 8, State Farm has objected on the grounds that State Farm is protected by the Work Product Doctrine. The court sustains this objection.

Regarding interrogatory number 9, State Farm makes the same objection, but the Court finds this interrogatory does not ask for work product but fact witnesses having knowledge of plaintiff's health. The objection is overruled. State Farm is ordered to comply within ten days of entry of an order by the Court.

As to the Request for Production of Documents, the Court orders that State Farm produce a copy of the applicable policy within ten days of the date of the entry of an order on this Motion to Compel. With respect to Request for Production of Documents Number 7, the Court sustains the objection as this information is equally available to plaintiff by subpoena.

October 6, 1997

Mary B. Hodges filed a Motion for Judgment alleging that Donald Perry caused her injuries in an automobile accident on May 20, 1994, which resulted from his negligence. At the time of the accident, Mary B. Hodges was covered as the principal insured under the uninsured or underinsured motorist provision of a motor vehicle public liability policy issued to her by State Farm Mutual Automobile Insurance Company. State Farm was served in this suit pursuant to § 38.2-2206(E) of the Code of Virginia of 1950, as amended.

State Farm Mutual Automobile Insurance Company filed a Grounds of Defense in its own name. State Farm further stated in its Grounds of Defense as follows:

7. These responsive pleadings are filed by The Company in its own name pursuant to the authority granted by Virginia Code § 38.2-2206(F). These responsive pleadings are also filed in the name of the defendant for the sole purpose of preventing a default judgment against the defendant, and the undersigned attorney for The Company

will not undertake to represent the defendant, but will represent the interest of The Company.

Thereafter Plaintiff filed a Motion for Default Judgment because no responsive pleadings were filed by or on behalf of Donald Perry.

## Question Presented

Is Donald Perry in default, thereby entitling the Plaintiff to a default judgment even though State Farm filed a Grounds of Defense, including paragraph 7 quoted above?

## Discussion of Law

### I. *The Competing Interests Sought to be Protected by the Uninsured Motorist Statute*

Under § 38.2-2206(A) of the Virginia Code, an insurance company is obligated to pay one of its policyholders with uninsured motorist coverage "all sums that he is legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle." The Virginia Supreme Court has stated that "the Virginia uninsured motorist legislation is remedial in nature, being for the purpose of protecting through their own insurers the innocent victims of irresponsible motorists." *State Farm Mutual v. Brower*, 204 Va. 887, 892 (1964). The Court has further declared that, "the legislation having been enacted for the benefit of the injured parties, it is to be liberally construed so that the purpose intended may be accomplished." *Storm v. Nationwide Ins. Co.*, 199 Va. 130, 135 (1957).

However, the interests of the insured party are not the sole concern of the statute. Paragraph F of § 38.2-2206 grants to the insurance company "the right to file pleadings and take other action allowable by law in the name of the owner or operator of an uninsured ... motor vehicle or in its own name."

The final interest sought to be advanced by the statute is that of the owner or operator of the uninsured motor vehicle. Section 38.2-2206(F) also makes clear that, although the insurance company is entitled to participate in the defense of the plaintiff's claim, "nothing ... shall prevent the owner or operator of the uninsured motor vehicle from employing counsel of his own choice and taking any action in his own interest in connection with the proceeding."

## II. *The Relationship Between the Insurance Company and the Defendant*

In *State Farm Mutual Auto. Ins. Co. v. Cuffee*, 238 Va. 11 (1994), the Virginia Supreme Court held that "both the uninsured motorist and the insurer may ... employ counsel, file pleadings, participate in discovery, make and argue motions, examine and cross-examine witnesses, engage in argument at trial, admit liability, or pursue appeals. And each is entitled to control his or its own actions but not the actions of the other." *Id.* at 14.

The Court has interpreted § 38.2-2206(F) to require that the insurer be allowed to present its defenses against the plaintiff's claim without regard to the course of action chosen by the defendant. *State Farm Mutual Auto. Ins. Co. v. Beng*, 249 Va. 165 (1995). This principle of independent action is so strong that the Court has held an insurance company retains the right to defend against the plaintiff's claims even in instances where the defendant has admitted liability for the plaintiff's injuries or has proffered a confession of judgment. *See Cuffee and Beng, supra.*

## III. *Uninsured Motorist Cases May Be Properly Understood As Suits Against Multiple Defendants*

The treatment afforded uninsured motorist cases by the Virginia Supreme Court demonstrates that such claims are, in essence, suits against multiple defendants. Although in traditional multiple defendant cases, the claims asserted by the plaintiff will be of the same type (i.e., the basis of liability for both defendants will be either tortious or contractual in nature), uninsured motorist cases are hybrid in nature.

The Virginia Supreme Court has held that the insurance company in an uninsured motorist case "is not a tortfeasor. It has no liability to anyone in tort. It does not stand in the shoes of ... a tortfeasor." *Virginia Farm Bureau v. Gibson*, 236 Va. 433, 441 (1988). The court acknowledged the hybrid nature of uninsured motorist suits when it recognized that an insurance company's "liability to its uninsured is contractual, even though it is based upon the contingency of a third party's tort liability." *Horne v. Ins. Co.*, 203 Va. 282, 285 (1962).

Therefore, an uninsured motorist suit may be properly viewed as a suit against multiple defendants with different bases of liability. When viewed in this manner, the Virginia Supreme Court's position regarding the right of independent action held by both the uninsured motorist and the insurance company is both logical and necessary in addition to being statutorily sound.

In actions against joint defendants, whether sounding in contract or in tort, each defendant is entitled to control its own defense.

Additionally, the Virginia Code stipulates that in actions against joint contractual obligors as well as in actions against joint tortfeasors, judgments against different defendants may be entered at different times. Sections 8.01-442, 8.01-443. In applying these provisions, the Court has held that in both types of cases, judgments may be entered against some defendants and for the others and that a judgment in favor of one defendant will not bar a judgment against another defendant. *McIntyre v. Smyth*, 108 Va. 736 (1908); *McLaughlin v. Siegel*, 166 Va. 374 (1936). These identical treatments given each type of joint suit further legitimizes the hybridization of the two in uninsured motorist cases. Because each type of joint suit is afforded the same treatment, no unfairness, conflict, or twist of logic results from viewing uninsured motorist cases as a combination of the two.

### IV. *The Effect of a Default Judgment in an Uninsured Motorist Case*

Virginia Rule 3:17 states that "a defendant who fails to plead to a notice of motion for judgment within the required time is in default. He waives trial by jury and ... the court shall, on motion of the plaintiff, enter judgment for the amount appearing to the court to be due."

Although the contractual liability of the insurance company in an uninsured motorist case is dependent upon the tortious liability of the uninsured motorist, a default by the uninsured motorist does not automatically lead to liability for the insurer. This is so despite the fact that "judgment is the event which determines legal entitlement to recovery" against an insurance company in an uninsured motorist suit. *Midwest Mutual v. Aetna Casualty*, 216 Va. 926, 929 (1979). In an uninsured motorist suit, "judgment alone against the tortfeasor will not suffice to fix the obligation of the uninsured motorist carrier." *Id.* (discussing the notice requirement under § 38.2-2206). Therefore, although judgment against an uninsured motorist is a necessary precondition to recovery from an insurer, such a judgment does not necessarily result in the liability of the insurer.

The Virginia Supreme Court has decided two uninsured motorist cases which involved default by the defendant. The first, *Facchina v. Richardson and Rains*, 213 Va. 440 (1972), involved a suit by a plaintiff who had been injured when two other motorists, one of whom was uninsured, struck his vehicle after first colliding with each other. The uninsured defendant did not plead or appear for trial, and the insured defendant then sought to have the trial court instruct the jury as to the presumptions which typically arise as a

result of one party's failure to appear, i.e. (1) that where a party fails to appear and testify as to vitally material facts, the jury is to presume that if he had appeared and testified, his testimony would not have supported his theory of the case; and (2) that where a party does not produce evidence within his control on the matters in issue, the jury is to presume that if such evidence had been produced, its effect would have been against the party failing to appear.

The Virginia Supreme Court held that the trial court had properly refused to grant the requested instructions because "the presumptions which might normally arise upon the failure of a party to testify or produce evidence controlled by him have no application to a factual situation such as is presented here. This is so because to apply such presumptions would create an undue advantage" for the insured defendant while disadvantaging the insurance carriers, who were "the real parties in interest." *Id.* at 443. In essence, the Court refused to permit the default of an uninsured motorist to have any effect upon the interests of an insurance company.

The second case is *Funkhouser v. Million*, 209 Va. 89 (1968), where the plaintiff's estate brought suit against an uninsured motorist and his self-insured employer. The uninsured motorist failed to plead or appear at trial, but the employer filed grounds of defense alleging contributory negligence on the part of the deceased plaintiff. The plaintiff moved for default judgment against the uninsured motorist and, at an *ex parte* hearing held later the same day, put on a witness who testified as to the manner in which the accident had occurred. Because that testimony suggested the plaintiff had been contributorily negligent, the plaintiff's estate nonsuited its claim against the employer. The trial judge then denied the plaintiff's motion for default judgment because it felt the testimony of the plaintiff's witness had shown conclusively that the deceased was guilty of contributory negligence.

The Virginia Supreme Court reversed, holding that the testimony at issue should have had no bearing upon the plaintiff's motion for default judgment. The Court stated that "such testimony should not have been considered because it was irrelevant and immaterial to the sole issue of damages before the Court at the time it ruled upon the motion for default judgment." *Id.* at 91. The Court went on to elaborate further, declaring that:

> The failure of [the uninsured motorist] to plead responsively to the plaintiff's motion for judgment was an admission that the plaintiff was entitled to recover some damages from him. Inherent in that admission was the acknowledgment by [the uninsured motorist] of the negligence charged against him as proximately causing the collision and the concession that the deceased was free of contributory

> negligence ... The only issue before the trial court when it acted upon the plaintiff's motion for default was the amount of damages to be awarded ... and it was the court's duty, sitting without a jury, to fix such damages. With [the uninsured motorist's] failure to plead given its full effect, any evidence as to the manner in which the accident occurred was irrelevant and immaterial to the situation with which the court was ultimately confronted.

In essence, the Court declared that although testimony given subsequent to the plaintiff's motion for default judgment demonstrated that he was not legally entitled to recovery for his injuries due to his own contributory negligence, the plaintiff was nonetheless entitled to a default judgment against the uninsured motorist.

## V. *Statutory Construction: Law*

Where the language of the statute is free from ambiguity, its plain meaning is to be accepted without resort to the rules of interpretation. The plain meaning of a statute should be rejected only if there is substantial, unambiguous evidence supporting a contrary interpretation. Interpretation of statute rules and regulations is proper only when an ambiguity exists. 17 M.J., *Statutes*, §§ 34, 41 (1994).

In this case, the legislature was clear in its language. State Farm had the election of filing grounds of defense in its own name *or* on behalf of the defendant.

## VI. *Application to the Present Case*

*Facchina, Cuffee,* and *Beng, supra,* dictate that a default by the uninsured motorist should not be allowed to prejudice the interests of the insurer. The set of presumptions which typically arise in instances of default should not apply under these circumstances, and the insurer should be permitted to defend against the plaintiff's claims at trial, regardless of the fact that the uninsured motorist is legally liable for the plaintiff's injuries. If the plaintiff wins at trial, then the insurer must pay her all sums which she is legally entitled to recover. The insurer then retains the right under § 38.2-2206(G) to seek compensation from the uninsured motorist. If the insurer wins at trial, then it makes no payments to the plaintiff. However, the plaintiff then retains the right to enforce her default judgment against the uninsured motorist. Such an approach protects the rights and interests of the insurer, upholds the rights and

reasonable expectations of the plaintiff, and gives full and proper effect to the uninsured motorist's default.

As noted in *Travelers v. Lobello*, 212 Va. 534, 536 (1972), State Farm will be allowed to state at trial it is present to assist Donald Perry in his defense without mentioning insurance and without mentioning that Mr. Perry is in default.

Therefore, the Court grants the Motion for Default Judgment against Mr. Perry in favor of the plaintiff but will allow State Farm to defend without the motion in default prejudicing it.

## November 3, 1997

This letter is in response to Mr. Murray's request to reconsider a portion of the Court's letter opinion of October 6, 1997. In that letter, he requested that the subject of Mr. Perry's default be a proper topic to raise on cross-examination in the event State Farm opts to put Mr. Perry on the witness stand.

In *State Farm Mutual Auto. Ins. Co. v. Cuffee*, 238 Va. 11, 14 (1994), the Virginia Supreme Court declared that in an uninsured motorist case, both the uninsured motorist and the insurance company are entitled to present their own defense to the claim, but neither is allowed to control the actions of the other. Further, in *State Farm Mutual Auto. Ins. Co. v. Beng*, 249 Va. 165 (1995), the Court held that an insurance company must be permitted to present its defenses against the plaintiff's claims without regard to the course of action chosen by the defendant.

In this case, the course of action chosen by the defendant was to default. Therefore, under the *Cuffee/Beng* rule, State Farm must be permitted to present its defenses to the plaintiff's claims without regard to the defendant's default. This cannot mean simply that the defendant's default will not foreclose the insurance company's right to defend against the plaintiff's claims. If the *Cuffee/Beng* line of cases are to be given their full effect, they must be read to mean that the issue of a defendant's default cannot be raised in a trial against an insurance company. Not permitting the defendant's default to foreclose State Farm's case, while permitting that default to be entered as evidence at trial would be tantamount to the law's taking with the left hand what it has already given with the right.

This view is supported by the Virginia Supreme Court's holding in *Facchina v. Richardson and Rains*, 213 Va. 440 (1972), which would appear to control the handling of this issue. In that case, the Court refused to let an uninsured motorist's default have any effect upon the defense mounted by the

insurance company. The Court stated that the trial court was correct in denying the plaintiff's request that the jury instructions reflect the evidentiary presumptions which typically apply in cases of default because doing so would have unfairly disadvantaged the insurance company, whom the Court identified as the real party in interest.

Therefore, in light of various decisions of the Virginia Supreme Court, it would be improper for the subject of the defendant's default to be raised at trial. Logic, consistency, and fundamental fairness require that this be the rule even if the insurance company presents the defendant as a witness.