# CIRCUIT COURT OF THE CITY OF ROANOKE

Raymond Marshall Ramsey

v.

Theresa Dawn Woolwine

July 8, 1998

Case No. CL97-560

BY JUDGE ROBERT P. DOHERTY, JR.

Plaintiff Ramsey filed his negligence action against Defendant Woolwine, an uninsured motorist, and obtained personal service on her. Virginia Farm Bureau Mutual Insurance Company, Plaintiff's uninsured motorist carrier, itself having been served with a copy of the Motion for Judgment pursuant to § 38.2-2206(F), responded in a timely manner, in its own name, and denied liability. Defendant Woolwine did not file a responsive pleading. The uninsured motorist carrier settled Plaintiff's claim for $7,200.00, taking a covenant not to sue in return. The insurance carrier, being subrogated to the rights of the Plaintiff by virtue of § 38.2-2206(G), now asks for a default judgment against Defendant Woolwine and in favor of Plaintiff Ramsey. Defendant objects, claiming her rights against default judgment were protected by the answer of the uninsured motorist carrier. The Court finds in favor of the Defendant.

When the uninsured motorist carrier filed its responsive pleading, it did so for the benefit of the uninsured motorist as well as itself. If that were not the case, then the Plaintiff would have been able to obtain a default judgment against the unresponsive Defendant and enforce it against the uninsured motorist carrier, despite the fact that the uninsured motorist carrier had defenses of its own. Such a result would nullify the provisions of § 38.2-2206 which allows the uninsured motorist carrier the right to file responsive pleadings on its own behalf. There would be no reason for an uninsured motorist carrier to claim the substantive defenses available to the Defendant,

if such a response could be ignored by the Plaintiff and default judgment entered against the Defendant. "[N]o part of an act [of the legislature] should be treated as meaningless unless absolutely necessary." *State Farm Mut. Auto. Ins. Co. v. Cuffee*, 248 Va. 11, 14 (1994). The uninsured motorist carrier filed its answer listing all available defenses for the Defendant, not out of any desire to protect the Defendant, but to limit its own liability as to any potential judgment to be rendered against the Defendant. In doing so pursuant to § 38.2-2206, it prevented a default judgment from being rendered against the Defendant.

The uninsured motorist carrier is subrogated to the rights of the Plaintiff. "Where the claim has not been reduced to judgment and the carrier chooses to settle the claim, the subrogated right is to proceed to judgment against the tortfeasor." *Robertson v. Ramberg*, 21 Va. Cir. 1 (1989). The uninsured motorist carrier may, in the Plaintiff's name, proceed to judgment against the Defendant tortfeasor in this case. It may not, however, avail itself of a default judgment against Defendant tortfeasor.