# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Rosetta Walker
and Rachel Walker

v.

Moondance, Inc.,
Munshin Knott,
and Steve Shipman

November 24, 1998

Case No. 97-204

BY JUDGE EDWARD L. HOGSHIRE

This matter comes before the Court on the motion of one of the Defendants, Munshin Knott, to set aside a default judgment entered against her. After conducting an evidentiary hearing on the matter and reviewing the briefs submitted by the parties, the Court denies the Defendant's motion for the reasons stated more fully below.

The underlying complaint was filed September 15, 1997. The Plaintiffs discovered Knott's address during the course of discovery and accordingly instructed the clerk to serve process on her on October 17, 1997. The return of service indicates that the Richmond Sheriff's Office served process on Knott by posting the complaint on the front door of her apartment. Sometime in November, Knott moved to a new address. Because Knott failed to file any response, the Plaintiffs moved for a default judgment against her and sent notice of the proceedings to her prior address. Knott failed to respond to this letter, and a default judgment was entered against her on January 29, 1998.

On July 24, 1998, Knott moved to set aside the default judgment. At the evidentiary hearing, she testified that she had received a letter from Plaintiffs' counsel but could not recall what it was about. Plaintiffs' counsel contends that he sent only one mailing to Knott. Knott further testified that she contacted Defendant's attorney, Mr. Dezio, within two weeks after the December 19, 1997, mailing.

Based on the evidence adduced at the hearing and the reasonable inferences drawn therefrom, the Court concludes that Knott had sufficient notice of the proceedings and that the Plaintiffs complied with all of the statutory notice requirements of Va. Code § 8.01-296(2)(b). The Plaintiffs had notice posted on Knott's door and mailed to Knott's address of record.

Default judgment is therefore proper under Rule 3:17. The Court notes, however, that because the damages requested are unliquidated, then an evidentiary hearing before the Court or a jury is required to fix the specific amount of damages. Both Rule 3:17 and case law interpreting it demand this result. *See, e.g., Chappell v. Smith*, 208 Va. 272 (1967); *Funkhouser v. Million*, 209 Va. 89 (1968).

For the above-stated reasons, the Court denies the Defendant's motion to set aside the default judgment.