## CIRCUIT COURT OF FAIRFAX COUNTY

Cheryl Paden

v.

Joel Lara Luna

April 28, 2005

Case No. (Law) 226982

By JUDGE ARTHUR B. VIEREGG

This case came before me on the motion of the plaintiff, Cheryl Paden, for entry of a judgment of default against the defendant, Joel Lara Luna, who has been served but failed to answer. Plaintiff Paden's uninsured motorist carrier, United Services Automobile Association (USAA) opposes the entry of the default judgment, contending that USAA's interests will adversely be affected. I conclude otherwise.

After reading the cases furnished to me at the bench during oral argument, I find Judge Peatross' discussion of the tension between an uninsured motorist carrier and an uninsured motorist in the event of the motorist's default in *Hodges v. Perry*, 43 Va. Cir. 340 (1997), persuasive. In Part IV of that letter opinion, Judge Peatross reasoned with respect to the effect of a default judgment in an uninsured motorist case:

> Although the contractual liability of the insurance company in an uninsured motorist case is dependent upon the tortious liability of the uninsured motorist, a default by the uninsured motorist does not automatically lead to liability for the insurer. This is so despite the fact that "judgment is the event which determines legal entitlement to recovery" against an insurance company in an uninsured motorist suit. *Midwest Mutual v. Aetna Casualty*, 216 Va. 926, 929, 223 S.E.2d 901 (1979). In an uninsured motorist suit, "judgment against the tortfeasor will not suffice to fix the obligation of the uninsured motorist carrier." *Id.* (discussing the

notice requirement under § 38.2-2206). Therefore, although judgment against an uninsured motorist is a necessary precondition to recovery from an insurer, such a judgment does not necessarily result in the liability of the insurer.

43 Va. Cir. at 344.

Judge Peatross then discussed *Funkhouser v. Million*, 209 Va. 89, 161 S.E.2d 725 (1968), in which the Supreme Court of Virginia reversed the trial court that had held that the uninsured motorist carrier was bound by the uninsured motorist's default. In *Funkhouser*, the Court effectively observed that, while a plaintiff might recover a judgment against a defaulting uninsured motorist, thereby establishing the plaintiff's right to some damages, the uninsured motorist carrier might seek to avoid any liability by defending the case, for instance, on the grounds of contributory negligence.

The decision in *Hodges* is consistent with the decision of Judge Hogshire in *Walker v. Moondance, Inc.*, 47 Va. Cir. 397 (1998), which I also find persuasive.

Defendant USAA relies on *Ramsey v. Woolwine*, 46 Va. Cir. 169 (1998), which appears to reach a contrary result. In *Woolwine*, Judge Doherty held that the filing of grounds of defense by an uninsured motorist carrier would negate the necessity of an uninsured defendant's being required to file responsive pleadings. However, the Virginia uninsured motorist statute affords an uninsured motorist carrier the right to file either in its own behalf and on behalf of the uninsured defendant. *Woolwine's* interpretation of Va. Code § 38.2-2206 that responsive pleadings filed by an uninsured motorist carrier were *ipso facto* filed on behalf of the uninsured motorist would seem to render that option meaningless, the very rule of statutory construction otherwise relied upon in *Woolwine*. In *Woolwine*, Judge Doherty stated that "no part of an act [of the legislature] should be treated as meaningless unless absolutely necessary." (quoting *State Farm Mutual Auto. Ins. Co. v. Cuffee*, 248 Va. 11, 14, 444 S.E.2d 720 (1994)) (quotations omitted). Therefore, to the extent that *Woolwine* is inconsistent with *Hodges* and *Moondance, Inc.*, I respectfully conclude that the latter cases should be followed.

For the foregoing reasons, I conclude that the plaintiff's motion for a judgment of default against Defendant Luna should be entered. Defendant USAA's concerns as to how the trial will be conducted are matters to be left to the ingenuity of the trial judge. *See, State Farm Mutual Auto. Ins. Co. v. Cuffee*, 248 Va. 11, 444 S.E.2d 720 (1994), in which Chief Justice Carrico opined that such matters should be left "to the ingenuity of the trial courts,

aided by trial counsel, to fashion workable solutions to problem cases." 248 Va. at 14.

## *Order*

This action came before the Court on Plaintiff's motion for entry of a judgment of default against Defendant Joel Lara Luna. On April 22, 2005, following briefs filed and arguments heard from both Plaintiff's counsel and counsel for United Services Automobile Association, Plaintiff's uninsured motorist carrier, the issues raised were taken under advisement; and it appearing to the court that, for the reasons stated in this Court's Letter Opinion of April 28, 2005, Plaintiff's motion should be granted; it is therefore adjudged and ordered that Plaintiff's motion for entry of a judgment of default against Defendant Joel Lara Luna is granted. Entered this 28th day of April 2005. And this action continues.