Present:  All the Justices

BELINDA H. LAWSON

OPINION BY JUSTICE LEROY R. HASSELL, SR.

v.   Record No. 960473                    November 1, 1996

ROBERT W. ELKINS, M.D.

FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
James F. Ingram, Judge

In this medical negligence appeal, we consider whether the trial court abused its discretion by refusing to permit a physician to testify as an expert witness.

Plaintiff, Belinda H. Lawson, filed a motion for judgment against Dr. Robert W. Elkins, an orthopaedic surgeon.  Plaintiff, who was experiencing pain in her back and leg, says that Dr. Elkins told her that her pain was caused by a herniated disk and that she was "an ideal candidate for a surgical disk excision."  Dr. Elkins recommended that he treat her with a procedure known as chemonucleolysis.  During this procedure, an enzyme is injected into an intervertebral disk.  The enzyme agent, chymopapain, shrinks the disk, thereby relieving pressure on the nerve and alleviating the pain.  Dr. Elkins performed this procedure on the plaintiff, who now asserts that she incurred permanent bodily injury as a result of the procedure.  The defendant filed a grounds of defense denying any breach of duty owed to the plaintiff.

The plaintiff sought a pre-trial ruling from the trial court permitting her proposed expert witness, Dr. James R. Jackson, a neurosurgeon, to testify that the defendant breached the standard of care owed to her in finding that she was an appropriate

candidate for the chemonucleolysis treatment.  The trial court
ruled that:

"Dr. James Jackson may testify as a treating physician based upon his examinations and treatment of the plaintiff but [he] may not testify [on] the standard of care applicable to the defendant in this case insofar as the chemonucleolysis procedure is concerned, the suitability of the plaintiff as a candidate for chemonucleolysis, the effect on the plaintiff of the chemonucleolysis procedure, and whether . . . the defendant deviated from any applicable standard of care in the chemonucleolysis procedure performed on the plaintiff in 1983."

At trial, the plaintiff renewed her motion to qualify Dr. Jackson as an expert witness.  The trial court denied her motion and, subsequently, granted the defendant's motion to strike the plaintiff's evidence because she had no expert testimony to establish either the standard of care that the defendant owed to her or any deviation therefrom.  The plaintiff appeals from the trial court's final order.

The plaintiff asserts that the trial court abused its discretion by refusing to permit Dr. Jackson to testify as an expert witness on the standard of care that the defendant owed to her.  Plaintiff says, "[s]ince the main issue is whether the plaintiff was a candidate for chemonucleolysis, not whether the defendant improperly performed the procedure, a neurosurgeon who is familiar with the standard of care can render an opinion thereon regardless whether he has actually performed the procedure."

The defendant argues that the trial court did not abuse its discretion in refusing to permit Dr. Jackson to testify as an expert witness on the subject whether the defendant breached the

standard of care by recommending the plaintiff as a candidate for the chemonucleolysis procedure.  We agree with the defendant.

> Code § 8.01-581.20 states in relevant part:
> "A witness shall be qualified to testify as an expert on the standard of care if he demonstrates expert knowledge of the standards of the defendant's specialty and of what conduct conforms or fails to conform to those standards and if he has had active clinical practice in either the defendant's specialty or a related field of medicine within one year of the date of the alleged act or omission forming the basis of the action."

In applying this statute, the trial court must make a threshold determination whether the proposed expert has demonstrated expert knowledge of the standards of the defendant's specialty.  Whether a witness demonstrates expert knowledge of the appropriate standards of the defendant's specialty is a question largely within the sound discretion of the trial court.  See Grubb v. Hocker, 229 Va. 172, 176, 326 S.E.2d 698, 700 (1985).  And,

> "[a] decision to exclude a proffered expert opinion will be reversed on appeal only when it appears clearly that the witness was qualified. . . .  And the expressed belief of a witness that he is an expert does not ipso facto require his qualification. . . .  The facts must show that he possesses sufficient knowledge, skill or experience to make him competent to testify as an expert on the subject matter of the inquiry."

Id. (quoting Noll v. Rahal, 219 Va. 795, 800, 250 S.E.2d 741, 744 (1979)).

Here, the record clearly establishes that the trial court did not abuse its discretion by refusing to permit Dr. Jackson to qualify as an expert witness on the defendant's specialty, orthopaedic surgery as it involves the procedure of chemonucleolysis.  Dr. Jackson has never performed a

chemonucleolysis procedure on a patient; nor has he observed an actual procedure performed on a patient. Indeed, the record reveals that Dr. Jackson has a very limited knowledge of chemonucleolysis. Even though Dr. Jackson, who is board certified in neurological surgery, had received a certificate for participating in an eight-hour seminar on chemonucleolysis, this limited instruction is not sufficient to permit us to conclude that "it appears clearly" from the record that he is qualified to render opinions on the subject whether the plaintiff was a proper candidate for the chemonucleolysis procedure. As the trial court observed:

> "[Dr. Jackson] never performed this procedure; he has nothing in his qualifications as to whether the defendant in this case deviated from any kind of care, and, in fact, has stated that he doesn't contest that."

We also note that contrary to Lawson's assertions, the trial court did not rule that generally, a neurosurgeon may not render an expert opinion on the standard of care imposed upon an orthopaedic surgeon. Rather, the trial court, exercising its discretion, held that Dr. Jackson was not qualified as an expert witness to render an opinion on the standard of care imposed upon an orthopaedic surgeon who performs a chemonucleolysis procedure. Accordingly, we will affirm the judgment of the trial court.

Affirmed.