Present: All the Justices

MARIAN B. CHRISTIAN

v. Record No. 031540

OPINION BY
JUSTICE LAWRENCE L. KOONTZ, JR.
June 10, 2004

SURGICAL SPECIALISTS OF
 RICHMOND, LTD., ET AL.

FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Theodore J. Markow, Judge

In this appeal, we consider whether the trial court erred in refusing to qualify as an expert witness a physician called by the plaintiff in this medical malpractice case.

BACKGROUND

On October 11, 2000, Marian B. Christian (Christian) filed a motion for judgment against Dr. Bruce Rowe and Surgical Specialists of Richmond, Ltd., Dr. Rowe's corporate employer (collectively, Dr. Rowe), in the Circuit Court of the City of Richmond. In that pleading and in a subsequent bill of particulars, Christian alleged that on September 22, 1994, her colon was perforated during a laparoscopic gynecological procedure performed by Dr. Rowe to remove a large pelvic cyst. Christian specifically alleged that Dr. Rowe was negligent in failing to inspect her colon and to repair the perforation during this procedure. Christian further asserted that as a direct result of Dr. Rowe's negligence she was required to undergo an emergency procedure to repair the perforation, had

suffered various permanent injuries, and was entitled to $1,000,000 in damages. Dr. Rowe denied that he had breached the applicable standard of care in his treatment of Christian.

During a subsequent jury trial, Christian called Dr. Frederick A. Gonzalez, who had reviewed the hospital records regarding her surgery, as her only expert witness. Whether Dr. Gonzalez qualified as an expert, pursuant to the provisions of Code § 8.01-581.20, immediately became an issue for the trial court to resolve. In response to questioning by counsel for both parties, Dr. Gonzalez testified at some length regarding his professional background. His testimony established that, at the time of trial, Dr. Gonzalez was an obstetrician/gynecologist licensed to practice in California and New York. He held the position of Chief of Obstetrics at Elmhurst Hospital Center in Queens, New York, where he specialized in maternal-fetal care, a sub-specialty of obstetrics/gynecology. Dr. Gonzalez maintained an active clinical practice in gynecological surgery and had done so since before September of 1994, the date of Dr. Rowe's alleged negligent act. In his practice, Dr. Gonzalez had performed "hundreds" of exploratory laparotomies and hysterectomies and numerous cystectomies. In addition to his practice and his other duties at Elmhurst Hospital Center, Dr. Gonzalez had been teaching residents gynecological surgery procedures for a number of years.

2

Following the presentation of this undisputed testimony, the focus of the issue became whether Dr. Gonzalez was qualified to give an expert opinion on the standard of care applicable in Virginia with regard to the specialty or field of medicine in which Dr. Rowe practiced in the context of Christian's assertion of negligence against Dr. Rowe in this particular case. Dr. Gonzalez testified that he was aware of the standard of care applicable to basic surgical procedures in Virginia because he had discussed laparoscopic and abdominal surgical procedures with "other surgeons in Virginia" while attending meetings and seminars held in Virginia. He explained that there are "no great differences between one state or another as to the basic surgical principles. The treatment across the country is fairly uniform and especially when it comes to basic principles. We're not talking about controversies here or advanced surgical issues."

Dr. Gonzalez further explained that while for "[c]omplex issues there are differences of opinion," the standard of care for discovering an inadvertent perforation of the colon during a gynecological laparoscopic procedure "is not something complex, [these are] just basic surgical principles . . . [that have] been taught a certain way for decades." He further indicated that he had testified as an expert witness on basic surgical principles in trials in Massachusetts, Connecticut, New York,

3

New Jersey, Pennsylvania, Alabama, and Puerto Rico, and had reviewed relevant literature on the procedure performed on Christian contained in the "basic textbook sent state by state" and available "worldwide."

Dr. Rowe then questioned Dr. Gonzalez as to whether he had ever testified before in a gynecological surgery case, rather than in cases involving maternal-fetal care. Dr. Gonzalez replied that he had testified as an expert in cases involving a "perforation following abortions . . . a couple of times," in another case involving a perforation during a hysterectomy, and in a case involving laparoscopic surgery that "went to open" surgery. He further indicated that each year he performed at least "two to three" laparoscopic surgeries of the specific type performed by Dr. Rowe on Christian. Upon further questioning by Christian, Dr. Gonzalez stated that he was familiar with the medical schools and facilities in Virginia and that "they adhere to the oldest standards across the United States."

The trial court ruled that Dr. Gonzalez had not demonstrated that he was "familiar with the statewide standard of care" in Virginia and, thus, was not qualified to testify as an expert in the case pursuant to Code § 8.01-581.20. Christian conceded that without Dr. Gonzalez's testimony she could not establish a prima facie case of malpractice against Dr. Rowe. Accordingly, the trial court granted Dr. Rowe's motion to strike

4

Christian's evidence and granted summary judgment for Dr. Rowe. We awarded Christian this appeal.

## DISCUSSION

Code § 8.01-581.20 expresses the intent of the General Assembly regarding the admissibility of the testimony of a medical expert in an action against a physician to recover damages alleged to have been caused by medical malpractice occurring in this Commonwealth. In pertinent part, Code § 8.01-581.20(A) provides that:

> Any physician who is licensed to practice in Virginia shall be presumed to know the statewide standard of care in the specialty or field of medicine in which he is qualified and certified. This presumption shall also apply to any physician who is licensed in some other state of the United States and meets the educational and examination requirements for licensure in Virginia. An expert witness who is familiar with the statewide standard of care shall not have his testimony excluded on the ground that he does not practice in this Commonwealth. A witness shall be qualified to testify as an expert on the standard of care if he demonstrates expert knowledge of the standards of the defendant's specialty and of what conduct conforms or fails to conform to those standards and if he has had active clinical practice in either the defendant's specialty or a related field of medicine within one year of the date of the alleged act or omission forming the basis of the action.

(Emphasis added).

In the present case, it is conceded that Dr. Gonzalez is not licensed to practice medicine in Virginia. Although Dr. Gonzalez is licensed to do so in California and New York, Christian did not attempt to produce evidence that would

5

establish that he meets the educational and examination requirements for licensure in Virginia.  For these reasons, Dr. Gonzalez was not entitled to the presumption of the admissibility of his testimony as an expert witness under Code § 8.01-581.20(A).  Without that presumption, the question becomes whether Dr. Gonzalez was entitled to qualify as an expert witness under the alternative provisions of this statute which are quoted in emphasis above.

In resolving that question, we are guided by well-established principles.  "Whether a witness demonstrates expert knowledge of the appropriate standards of [another physician's] specialty is a question largely within the sound discretion of the trial court."  Sami v. Varn, 260 Va. 280, 284, 535 S.E.2d 172, 174 (2000); Lawson v. Elkins, 252 Va. 352, 354, 477 S.E.2d 510, 511 (1996).  "[T]here is no rigid formula to determine the knowledge or familiarity of a proffered expert concerning the Virginia standard of care.  Instead, that knowledge may derive from study, experience, or both."  Henning v. Thomas, 235 Va. 181, 186, 366 S.E.2d 109, 112 (1988).  "However, we will reverse a holding that a witness is not qualified to testify as an expert when it appears clearly from the record that the witness possesses sufficient knowledge, skill, or experience to make him competent to testify as an expert on the subject matter at

6

issue." Sami, 260 Va. at 284, 535 S.E.2d at 174 (citing Noll v. Rahal, 219 Va. 795, 800, 250 S.E.2d 741, 744 (1979)).

The thrust of Dr. Rowe's assertion that Christian failed to establish that Dr. Gonzalez is familiar with the Virginia standard of care applicable in this case is that Dr. Gonzalez was relying solely upon his familiarity with a nationwide standard of care. We disagree with this assertion.

Initially we observe, as we have in prior decisions, that "[n]either the General Assembly nor this Court has ever recognized a nationwide standard of care." Poliquin v. Daniels, 254 Va. 51, 55, 486 S.E.2d 530, 533 (1997). And "[w]e have no intention of retreating from the position . . . that it is for the General Assembly to say whether a national standard of care should apply in Virginia." Black v. Bladergroen, 258 Va. 438, 443, 521 S.E.2d 168, 170 (1999). We further observe, however, that "[no] provision of law prohibits Virginia physicians from practicing according to a national standard of care if one exists for a particular specialty, even though neither the General Assembly nor this Court has adopted such a standard." Id.

In the present case, Dr. Gonzalez did not testify that he would base his opinion on a national standard of care. Rather, he testified that he was familiar with the standard of care applicable to basic gynecological surgical procedures in

7

Virginia. Although he amplified this testimony by stating that "surgery is surgery . . . . Virginia is another state just like any other state," Dr. Gonzalez affirmatively testified that he had gained his knowledge of the Virginia standard of care through discussions with physicians in Virginia, and while attending seminars and meetings in Virginia concerning laparoscopic surgery. The clear implication of his testimony as a whole was that he was familiar with the Virginia standard of care applicable to the surgical procedure performed by Dr. Rowe, which coincidentally was the national standard of care.

As in Sami, nothing in the record contradicts Dr. Gonzalez's testimony concerning his knowledge of the Virginia standard of care applicable to the alleged malpractice in this case or how he obtained that knowledge. The trial court was not entitled to ignore this uncontradicted testimony. Sami, 260 Va. at 284, 535 S.E.2d at 174. Moreover, the record also supports a finding that Dr. Gonzalez maintained an active clinical practice in and was familiar with Dr. Rowe's specialty or a related field of medicine. Accordingly, we hold that the trial court clearly abused its discretion in ruling that Dr. Gonzalez did not demonstrate sufficient knowledge of the Virginia standard of care at issue in this case to qualify as an expert witness pursuant to the provisions of Code § 8.01-581.20.

CONCLUSION

8

For these reasons, we will reverse the judgment of the trial court and remand the case for further proceedings consistent with this opinion.

<u>Reversed and remanded</u>.