## CIRCUIT COURT OF THE CITY OF NORFOLK

Harish Moolchandani

v.

Sentara Hospital,
t/a Sentara Norfolk
General Hospital,
Urology of Virginia, P.C.,
Devine-Tidewater Urology, P.C.,
Virginia Vascular Associates, P.C.,
Gerald Jordan,
Jeff Brady,
and Patrick Dunn

July 28, 2005

Case No. (Law) L02-954

BY JUDGE JOSEPH A. LEAFE

The Court considers motions to exclude and motions for summary judgment brought by Defendants, Virginia Vascular Associates, Patrick Dunn, Dr. Jordan, and Devine-Tidewater Urology.

Plaintiff asserts that the claims against Dr. Jordan, Devine-Tidewater Urology, and Virginia Vascular Associates arise from the lack of orders given to nurses in regard to performing vascular assessments of Plaintiff's extremities. Dr. Brady, the urology resident, did not give the necessary orders to the nurses. Dr. Brady was working under the supervision of Dr.

Jordan. Dr. Brady was practicing individually and as an employee and agent under the direction and control of the urology groups and Virginia Vascular Associates. Plaintiff believes that these doctors and groups had the duty to appropriately supervise the residents.

Plaintiff designated Dr. Steven K. Wilson, a board certified surgeon who has experience in penile prosthesis implants, as an expert witness. His designation indicates that Sentara's vascular intensive care unit (VICU) had the responsibility to make a full assessment of Moolchandani and to do appropriate vascular checks. Dr. Wilson's designation also indicates that he will testify that the physicians and surgeons in charge should have given appropriate explanations and orders concerning the vascular checks and that the failure to give orders was a breach of the standard of care. Plaintiff also designated Mr. Nichols, a physician's assistant, to testify as an expert witness. Mr. Nichols is expected to state that Mr. Dunn breached the standard of care applicable to physician's assistants by not immediately notifying the vascular surgeon as to the change of Plaintiff's condition.

Defendants, Virginia Vascular Associates and Patrick Dunn, move to exclude Dr. Wilson from testifying as a standard of care expert against them. As to these Defendants, Plaintiff alleges negligence by Mr. Dunn, a physician's assistant, and the corporation vicariously. Defendants believe Dr. Wilson, a urologist, does not practice in a specialty related to their specialty, and therefore is not qualified to testify as an expert witness against them according to Code of Virginia § 8.01-581.20(A).

In addition, Defendants, Dr. Jordan and Devine-Tidewater Urology, make a motion to exclude Dr. Wilson from testifying as a standard of care expert against Dr. Jordan. Plaintiff alleges that Dr. Jordan, a urologist, breached the standard of care applicable to him in his treatment of Plaintiff, and that Devine-Tidewater Urology, as Dr. Jordan's employer, is vicariously liable for his negligence. These Defendants argue that Dr. Wilson is not qualified to testify regarding the standard of care applicable to Dr. Jordan because he does not perform, and has never observed anyone else performing the reconstructive surgical procedure at issue in this case. Dr. Wilson's Deposition, 17:3-5, 19:15-18. Dr. Wilson further testified that he has no personal knowledge of the type of care that would typically be provided following that type of surgery, has never admitted a patient to a vascular intensive care unit, and does not have any personal knowledge as to what nurses who work in such units know or do not know regarding any particular surgery. Dr. Wilson's Deposition, 16:4-16, 22: 19-21, 52:13-16.

Both sets of Defendants maintain that, in order to qualify as an expert on the standard of care applicable to a physician, a witness must have "recently engaged in the actual performance of the procedures at issue in the case." *Sami v. Varn*, 260 Va. 280, 285, 535 S.E.2d 172, 174-75 (2000). In *Wright v. Kaye*, the Supreme Court of Virginia found that three experts in the defendant's specialty were qualified to testify as expert witnesses even thought they had not removed a cyst on the urachus because the general medical procedure at issue was laparoscopic surgery in the female pelvic region near the bladder on which the doctors had sufficient knowledge. *Wright v. Kaye* , 267 Va. 510, 521, 593 S.E.2d 307, 313 (2004).

Dr. Jordan is the urologist who performed the penile reconstructive surgery on Moolchandani. Dr. Wilson is also a urologist who specializes in penile surgeries, including penile implants. Dr. Wilson's Deposition, 13:16-20.

Code of Virginia § 8.01-581.20(A) states in relevant part:

A witness shall be qualified to testify as an expert on the standard of care if he demonstrates expert knowledge of the standards of the defendant's specialty and of what conduct conforms or fails to conform to those standards and if he has had active clinical practice in either the defendant's specialty or a related field of medicine within one year of the date of the alleged act or omission forming the basis of the action.

When applying this statute, the trial court makes a threshold determination whether the proposed expert has demonstrated expert knowledge of the standards of the defendant's specialty. *Lawson v. Elkins*, 252 Va. 352, 354, 477 S.E.2d 510, 511 (1996). Whether a witness demonstrates expert knowledge of the appropriate standards of the defendant's specialty is a question largely within the sound discretion of the trial court. *Lawson v. Elkins*, 252 Va. 352, 355, 477 S.E.2d 510, 511 (1996) (citing *Grubb v. Hocker*, 229 Va. 172, 176, 326 S.E.2d 698, 700 (1985)).

The statute's requirement that an expert have an active clinical practice in Defendant's specialty or a related field of medicine is to prevent testimony by an individual who has not recently engaged in the actual performance of the procedures at issue in this case. *See Sami v. Varn*, 260 Va. 280, 283, 535 S.E.2d 172, 174 (2000) (finding that related fields of medicine mean that a medical procedure can be performed by

both specialties). An expert witness must have sufficient knowledge of the applicable standards of care for the medical procedures.

In determining if Dr. Wilson meets the knowledge and clinical practice requirements of Code of Virginia § 8.01-581.20, the Court must frame the relevant medical procedure. The relevant procedure in this case involves the type of detailed orders that a physician would leave medical residents and nursing staff regarding the post-operative care of a patient. Dr. Wilson and Dr. Jordan have the same medical specialty, urology. While Dr. Wilson does not perform the type of reconstructive procedures performed by Dr. Jordan, he does perform urology related surgeries. Dr. Wilson should be familiar with the standard of care required by urologist who performs surgery, whether reconstructive procedures as done by Dr. Jordan or prosthetic urology as performed by Dr. Wilson. Thus, the Court finds that Dr. Wilson should be allowed to testify as an expert witness against Dr. Jordan. Dr. Jordan's and Devine-Tidewater Urology's motion to exclude Dr. Wilson from testifying as a standard of care expert against Dr. Jordan is denied.

Dr. Wilson does not practice in the same specialty as the doctors working at Virginia Vascular Associates. The Court is not prepared to say at this time that Dr. Wilson cannot testify regarding the standard of care of doctors at Virginia Vascular Associates.

Dr. Jordan and Devine-Tidewater Urology request that the Court grant summary judgment on their behalf. In Plaintiff's designation of experts, he indicated that Dr. Wilson would testify regarding the standard of care applicable to Dr. Jordan. Neither Dr. Wilson nor any other expert identified by Plaintiff has been identified as a witness who will testify that any breach of the standard of care by Dr. Jordan was a proximate cause of injury to Plaintiff.

Defendants, Virginia Vascular Associates and Patrick Dunn, also request that the Court grant summary judgment on their behalf. With respect to these Defendants, Plaintiff designated James Nichols, III, a physician's assistant, as an expert witness. Plaintiff's designation provides that Mr. Nichols holds opinions regarding the applicable standard of care. Defendants assert that the designation does not include the opinion of any expert that these Defendants breached the standard of care and caused any injury to Plaintiff. There is no statement that the delay in notifying the on-call vascular surgeon caused any damage, and Plaintiff has not designated an expert to speak to that issue.

In a medical malpractice action, Plaintiff must prove not only that the Defendant violated the standard of care, but also that the alleged acts

constituted a proximate cause of the injury. *See Bryan v. Burt*, 254 Va. 28, 34-35, 486 S.E.2d 536, 539-40 (1997). Except for the rare cases where negligent acts fall within the common experience of jurors, medical malpractice cases require expert testimony to establish the relevant standard of care, breach, and proximate cause. *See Perdieu v. Blackstone Family Practice, Inc.*, 264 Va. 408, 420, 568 S.E.2d 703, 710 (2002). This is a complicated medical malpractice action where expert testimony is required to establish any breach of the standard of care and causation. Defendants assert that Plaintiff has not filed a sufficient designation of expert witnesses on causation and, since Plaintiff did not meet his burden of proof, summary judgment is appropriate. The Court believes that it is premature to grant Defendants' motions for summary judgment at this time.

The Court believes that Plaintiff's designation of expert witnesses is deficient in some respects. Defendants have not, however, been prejudiced by these designations because this case has been continued to a later date. Thus, the Court grants Plaintiff leave to supplement his designation of expert witnesses.