# STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

## V.

# DOROTHEA CUFFEE, ET AL.

Record No. 930938

June 10, 1994

Present: All the Justices

*James W. Morris, III (James W. Walker; Morris & Morris,* on briefs), for appellant.

*O.L. Gilbert (Rabinowitz, Rafal, Swartz, Taliaferro & Gilbert,* on brief), for appellee Dorothea Cuffee.

*F. Sullivan Callahan (Moss and Callahan,* on brief), for appellee Etta Sivels.

CHIEF JUSTICE CARRICO delivered the opinion of the Court.

We must decide in this appeal the extent to which an uninsured motorist carrier is entitled to defend its interests in a personal injury case when the uninsured motorist admits liability. Because we think the trial court improperly limited the carrier's ability to defend, we will reverse.

The controversy stems from an automobile accident that occurred in the City of Chesapeake on September 26, 1990. On that date, Dorothea Cuffee was riding in an automobile operated by Etta Sivels, her cousin, when the vehicle was struck head-on by a car driven by Connie Harris. Seeking damages for her injuries, Cuffee brought an action in negligence against both Sivels and Harris.

Sivels did not have liability insurance, and Cuffee served a copy of her motion for judgment upon State Farm Mutual Automobile Insurance Company in an attempt to take advantage of the uninsured motorist provisions of two insurance policies issued by State Farm to relatives living in Cuffee's household. Pursuant to Code § 38.2-2206(F), *infra,* State Farm filed grounds of defense in its own name. Sivels retained separate counsel, who filed grounds of defense on her behalf. Both State Farm and Sivels denied liability for Cuffee's injuries and asserted the defenses of contributory negligence and assumption of risk.[1]

---

[1] The defenses of contributory negligence and assumption of risk were based upon the allegation, as expressed in State Farm's appellate brief, that "Sivels' blood-alcohol concentration would have been approximately 0.25% at the time of the accident" and that her "extremely intoxicated state would have been obvious to even a casual observer, let alone someone like Cuffee who knew Sivels well."

In bankruptcy court, Sivels received a discharge from contingent liability for Cuffee's injuries. She then retained new counsel. State Farm was informed that Sivels intended to "admit liability" and that Cuffee would "non-suit [her] case against Harris." State Farm moved for a pretrial conference "to determine . . . what . . . 'action' [was] available to State Farm." A pretrial conference was held, and, after argument, the trial court ordered that

> in the trial of the case State Farm by its attorney is prohibited and barred from presenting any testimony, evidence, objections or argument on the issues of contributory negligence and assumption of the risk since that would be in conflict with the admission of liability by the defendant, Etta Sivels.

In a later order, the trial court stated that State Farm "may participate in the trial of this case with regard to damages only."

When the case was called for trial, Sivels admitted liability for Cuffee's injuries, and Cuffee thereupon nonsuited Harris. Following a bench trial on the issue of damages, the court entered judgment against Sivels in the sum of $871,000. We awarded State Farm this appeal.

In pertinent part, Code § 38.2-2206(F) provides as follows:

> The insurer shall . . . have the right to file pleadings and take other action allowable by law in the name of the owner or operator of the uninsured . . . motor vehicle or in its own name. Nothing in this subsection shall prevent the owner or operator of the uninsured motor vehicle from employing counsel of his own choice and taking any action in his own interest in connection with the proceeding.

State Farm contends the trial court erroneously determined that Code § 38.2-2206(F) created an irreconcilable conflict between the rights of Sivels and State Farm and that, as a result, Sivels alone should control the defense of the case. State Farm argues that the statute should be applied as it is drafted, giving both the uninsured motorist and the insurer the right to participate in the defense of the case, with neither party having the right to bind the other to any particular position or course of action. When the statute is correctly applied, State Farm maintains, both the uninsured motorist and the insurer may employ counsel, file pleadings, argue motions, and present evidence and argument at trial.

On the other hand, Cuffee and Sivels contend[2] that State Farm's interpretation of Code § 38.2-2206(F) "will result in chaos in courtrooms below" by allowing "multiple defense counsel with multiple defenses to participate at trial and take inconsistent defense positions in front of a jury." In order to avoid such chaos, Cuffee and Sivels assert that control of the litigation should be "with counsel for the uninsured motorist." This control, Cuffee and Sivels submit, is strongly suggested by the second sentence of the portion of Code § 38.2-2206(F) quoted above, which states that "[n]othing in this subsection shall prevent the [uninsured motorist] from employing counsel of his own choice and taking any action in his own interest in connection with the proceeding."

However, paraphrasing *Garrison v. First Federal Savings and Loan*, 241 Va. 335, 340, 402 S.E.2d 25, 28 (1991), the vice in reading the second sentence as proposed by Cuffee and Sivels is that the first sentence would then become virtually meaningless. And, as *Garrison* prescribes, "no part of an act should be treated as meaningless unless absolutely necessary." *Id.*

■ It is certainly not necessary to treat either sentence at issue here as meaningless. To the contrary, both are clear and, therefore, not subject to interpretation. *Wilder v. Attorney General*, 247 Va. 119, 124, 439 S.E.2d 398, 401 (1994). Accordingly, the two sentences must be applied as written, with the result that, in an appropriate case, both the uninsured motorist and the insurer may, for example, employ counsel, file pleadings, participate in discovery, make and argue motions, examine and cross-examine witnesses, engage in argument at trial, admit liability, or pursue appeals. And each is entitled to control his or its own actions but not the actions of the other.

■ Admittedly, this application of the statute may prove troublesome in certain instances, and, undoubtedly, the same remedy will not fit all situations. Therefore, we leave it to the ingenuity of the trial courts, aided by trial counsel, to fashion workable solutions to problem cases. The point to be made is that the statute requires the protection of the rights of both uninsured motorist and insurer, notwithstanding that the effort might "result in chaos in courtrooms below." Finding ways to control chaos is a daily task of courts everywhere.

---

[2] In her appellate brief, Sivels states that she adopts Cuffee's brief.

■ Because the trial court improperly "prohibited and barred [State Farm] from presenting any testimony, evidence, objections or argument on the issues of contributory negligence and assumption of the risk" in the trial of this case, we will reverse the judgment appealed from and remand the case for further proceedings consistent with the views expressed in this opinion.

*Reversed and remanded.*

JUSTICE KEENAN, with whom JUSTICE LACY joins, dissenting.

I fully agree with the majority's conclusions that the two sentences at issue in this case are clear and unambiguous, and that both must be given effect in accordance with their plain language. The majority's interpretation of these sentences, however, contravenes the very principles it espouses, because that interpretation renders the second of the two sentences wholly meaningless and without effect.

First, although it professes to apply the plain meaning of Code § 38.2-2206(F), the majority simply disregards portions of the statute. The majority holds that neither the insurer nor the uninsured motorist is entitled to control the actions of the other. It rejects the contention that Code § 38.2-2206(F) allows the uninsured motorist to control the litigation, because, it says, this would render "virtually meaningless" the first sentence at issue, which permits the insurer to "file pleadings and take other action allowable by law." In effect, however, the majority's interpretation reads the second sentence out of existence.

The two sentences at issue are not contradictory, nor does either render the other meaningless. Instead, the first sentence broadly confers rights upon the insurer; the second sentence limits the application of those rights. Paraphrased, the two sentences provide, "The insurer shall have certain rights, *except that* the exercise of these rights shall not prevent the uninsured motorist from taking any action in his own interest."

Here, the trial court was required to resolve the conflicting demands of State Farm, which desired to litigate the defenses potentially available to defeat Cuffee's claim, and of Sivels, who believed that admitting liability was an "action in [her] own interest." The means of resolving this conflict has been provided

by the legislature, in plain language, in the relevant portion of Code § 38.2-2206(F). Where the conflict is irreconcilable, the statute mandates that the rights of the uninsured motorist shall prevail.

This statutory allocation of rights forestalls the "chaos" that would result if the insurer and uninsured motorist are allowed to assume inconsistent positions at trial. In failing to acknowledge that the statute means what it says, the majority's ruling unleashes the chaos the legislature sought to avoid, and leaves trial courts without guidance, either legislative or judicial, by which to resolve these conflicting interests.

Second, the majority fails to recognize that the trial court's decision comported with the legislative restriction imposed by the first sentence in the disputed portion of Code § 38.2-2206(F). That provision specifies that the insurer may take only such action as is "allowable by law." The trial court correctly held that it was bound by Sivels's unqualified admission of liability, so that State Farm was barred from presenting evidence on the issues of contributory negligence and assumption of the risk, which would have related solely to the excluded matter. *See Eubank v. Spencer*, 203 Va. 923, 925, 128 S.E.2d 299, 301 (1962). Continued litigation by State Farm on the issue of liability clearly would not have been an action "allowable by law."

Unless a literal construction of statutory language would result in "internally conflicting statutory provisions amounting to a manifest absurdity, the 'courts cannot [adopt] a construction which amounts to holding the legislature did not mean what it has actually expressed.' " *Dairyland Ins. Co. v. Sylva*, 242 Va. 191, 194, 409 S.E.2d 127, 129 (1991) (quoting *Watkins v. Hall*, 161 Va. 924, 930, 172 S.E. 445, 447 (1934)). Despite its holding that the two sentences at issue are facially unambiguous, the majority fails to adhere to their plain meaning, in violation of elementary principles.

"If the language of a statute is plain and unambiguous, and its meaning perfectly clear and definite, effect must be given to it regardless of what courts think of its wisdom or policy. In such cases courts must find the meaning within the statute itself." *Temple v. City of Petersburg*, 182 Va. 418, 423, 29 S.E.2d 357, 358 (1944). If the result mandated by the language of Code § 38.2-2206(F) is claimed to be unwise or unjust, "the fault, if any, should be corrected by the General Assembly, not by this

Court." *Gonzalez v. Fairfax Hosp. Sys., Inc.*, 239 Va. 307, 310-11, 389 S.E.2d 458, 460 (1990).

Accordingly, I would affirm the trial court's judgment.