# STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

## V.

## VITH BENG, ET AL.

Record No. 940299

March 3, 1995

Present: Carrico, C.J., Compton, Stephenson, Whiting, Lacy, and Hassell, JJ.,
and Cochran, Retired Justice

*Todd M. Fiorella (Paul D. Fraim; Jason E. Dodd; Heilig, McKenry, Fraim & Lollar*, on brief), for appellant.
*Robert Larry Lambert, Jr. (Lambert & Lambert,* on brief), on appellee Lynelle M. Lockett.
*Charles A. Polen (William O. Hawkins; Kershner & Hawkins*, on brief), for appellee Vith Beng.

CHIEF JUSTICE CARRICO delivered the opinion of the Court.

In *State Farm Mutual Automobile Insurance Co. v. Cuffee*, 248 Va. 11, 444 S.E.2d 720 (1994), we held that an uninsured motorist carrier has the right under Code § 38.2-2206(F) to file pleadings and take other action allowable by law in a personal injury case notwithstanding that the uninsured tort-feasor admits liability for the injuries. The present case presents the question whether an underinsured motorist carrier has a similar right under the same statute when the tort-feasor confesses judgment in an amount exceeding the applicable liability coverage. Finding that the carrier has such a right, we will reverse the trial court's holding to the contrary.

The plaintiff in the present case, Vith Beng, was injured on October 12, 1991, when the vehicle he was operating was struck by an automobile operated by the defendant, Lynelle M. Lockett, at an intersection in the City of Virginia Beach. Subsequently, Beng filed a motion for judgment against Lockett seeking damages in

the sum of $75,000. Allstate Insurance Company (Allstate), Lockett's liability carrier, employed counsel and filed grounds of defense on Lockett's behalf.

Because Allstate's liability coverage protected Lockett only to the extent of $25,000, Beng served a copy of his motion for judgment on State Farm Mutual Automobile Insurance Company (State Farm), which provided Beng underinsurance coverage in the amount of $50,000. State Farm filed grounds of defense in its own name, denying negligence on the part of Lockett and alleging Beng's negligence as either the sole proximate cause or a contributing cause of the accident.

The case was set for trial on September 1, 1993. On the morning of trial, pursuant to Code § 8.01-431, Lockett proffered a confession of judgment in the amount of $40,000, which exceeded her liability coverage by $15,000. Beng was willing to accept judgment for $40,000, but State Farm objected on the ground the confession of judgment interfered with its right under Code § 38.2-2206(F) to appear and defend against Beng's claim.

After a hearing, the trial court overruled State Farm's objection and "confirmed" judgment in favor of Beng for the amount confessed by Lockett. We awarded State Farm this appeal.

Code § 8.01-431 provides in pertinent part:

> In any suit a defendant may, whether the suit be on the court docket or not, confess a judgment in the clerk's office for so much principal and interest as the plaintiff may be willing to accept a judgment or decree for. The same shall be entered of record by the clerk in the order book and be as final and as valid as if entered in court on the day of such confession.

Code § 38.2-2206(F) provides in pertinent part:

> The insurer shall . . . have the right to file pleadings and take other action allowable by law in the name of the owner or operator of the uninsured or underinsured motor vehicle or in its own name. Nothing in this subsection shall prevent the owner or operator of the uninsured motor vehicle from employing counsel of his own choice and taking any action in his own interest in connection with the proceeding.

■ State Farm argues that Code § 38.2-2206(F) gives both the underinsured defendant and the insurer the right to participate in the defense of a personal injury action. However, State Farm says, neither the defendant nor the insurer has any right to bind the other to any position or course of action in connection with the case. "By no means," State Farm asserts, "does the statute permit the underinsured defendant to commit the funds of the underinsured carrier without said carrier's consent." To the contrary, State Farm maintains, *Cuffee, supra,* teaches that an "uninsured carrier, pursuant to Code § 38.2-2206(F), has the right to appear and defend the litigation despite the course of action the uninsured may wish to take." And, State Farm concludes, "[t]he rationale in *Cuffee* applies here."

Countering, Beng and Lockett argue that Code § 8.01-431 grants a defendant the clear and unequivocal right to confess judgment in any case and that § 38.2-2206(F) does not operate to prohibit the exercise of that right. Beng and Lockett maintain that while § 38.2-2206(F) grants an insurer the right to file pleadings and take other action allowable by law, the statute also provides that "[n]othing in this subsection shall prevent the owner or operator of the uninsured motor vehicle from . . . taking any action in his own interest in connection with the proceeding." Hence, Beng says, the insurer's "right does not rise to such a level that it extinguishes [the] statutory right [of an underinsured owner or operator] to confess judgment." Indeed, adds Lockett, "under the statute the rights of the [underinsured owner or operator] are superior to the insurance carrier's rights."

Beng and Lockett argue further that Code §§ 8.01-431 and 38.2-2206 must be read together to permit Lockett to confess judgment in an effort to control her own personal liability over and above the limit of her liability coverage while preserving State Farm's right to collect from Lockett any payment it makes to Beng under the underinsured provision of its policy.[2] Any other reading, Beng and Lockett say, would allow State Farm to avoid its contractual obligation to Beng and deprive Lockett, who is not in privity with State Farm, of her statutory right to confess judgment.

---

[2] Code § 38.2-2206(G) provides that "[a]ny insurer paying a claim under the endorsement or provisions required by subsection A of this section shall be subrogated to the rights of the insured to whom the claim was paid against the person causing the injury, death, or damage . . . ."

Beng attempts to distinguish *Cuffee* on two grounds, first, that the insurer in *Cuffee* sought to contest the issue of liability while, in the present case, State Farm does not question liability but desires to contest damages only,[3] and, second, that *Cuffee* involved an admission of liability while the instant case involves a confession of judgment. Lockett does not attempt to distinguish *Cuffee*; she merely voices her disagreement with the decision.

■ In *Cuffee*, the tort-feasor was uninsured, and the plaintiff served a copy of her motion for judgment upon her uninsured carrier, State Farm. The latter filed grounds of defense in which it asserted the defenses of contributory negligence and assumption of risk. The tort-feasor informed State Farm that she intended to admit liability for the plaintiff's injuries. In a pretrial conference held to determine what action was available to State Farm, the trial court held that State Farm was " 'prohibited and barred' " from contesting liability because such action would be " 'in conflict with the admission of liability by the defendant.' " 248 Va. at 13, 444 S.E.2d at 721. In a later order, the trial court stated that State Farm could participate in the trial of the case " 'with regard to damages only.' " *Id.* We reversed the judgment and remanded the case, holding that the trial court improperly prohibited State Farm from asserting its defenses of contributory negligence and assumption of risk. *Id.* at 15, 444 S.E.2d at 722.

■ We think *Cuffee* is indistinguishable from the present case. We can perceive no legal or practical difference between an admission of liability, with the effect it was given by the trial court in *Cuffee*, and a confession of judgment, with the effect it was given by the trial court here. In each instance, the result was the same — to deny the insurer the rights granted by Code § 38.2-2206(F). And, in our opinion, it makes no difference that, in one instance, the insurer may have wanted to contest liability only and, in the other, to contest damages only. Furthermore, despite

---

[3] There is some doubt about the accuracy of Beng's assertion that State Farm does not question liability. In its grounds of defense, State Farm denied that Lockett was negligent and asserted that Beng's negligence was the sole cause or a contributing cause of the accident. On brief, State Farm says that Code § 38.2-2206(F) "grants [it] the right not only to defend on the issue of liability, but also to litigate the issue of damages," and it prays that we "reverse the trial court and [remand] this matter for a new trial so State Farm . . . can appear and defend its interests, on both issues of liability and damages." But, in our opinion, it makes no difference in the outcome of this appeal whether State Farm desires to contest both liability and damages or damages only.

Lockett's disagreement with our decision in *Cuffee*, we adhere to the decision.

In *Cuffee*, we discussed the two sentences of Code § 38.2-2206(F), quoted earlier in this opinion, the one giving uninsured and underinsured carriers the right to appear and participate in the defense of a personal injury action and the other preserving the right of the owner or operator of an uninsured vehicle to take action in his own interest in connection with the proceeding. We said:

> [T]he two sentences must be applied as written, with the result that, in an appropriate case, both the uninsured motorist and the insurer may, for example, employ counsel, file pleadings, participate in discovery, make and argue motions, examine and cross-examine witnesses, engage in argument at trial, admit liability, or pursue appeals. And each is entitled to control his or its own actions but not the actions of the other.

> Admittedly, this application of the statute may prove troublesome in certain instances, and, undoubtedly, the same remedy will not fit all situations. Therefore, we leave it to the ingenuity of the trial courts, aided by trial counsel, to fashion workable solutions to problem cases.

248 Va. at 14, 444 S.E.2d at 722.

We think that, with the addition of confession of judgment to the list of actions permissible under Code § 38.2-2206(F), this is an appropriate case to require that the insurer be allowed to present its defenses against the plaintiff's claim. Accordingly, we will reverse the judgment appealed from and remand the case for the trial court to fashion a workable solution to the problem the case presents.

One possible solution would be for the trial court to receive Lockett's confession of judgment and Beng's acceptance of the amount confessed but to refrain from entering judgment thereon until after the issues raised by State Farm's grounds of defense have been litigated. If the trier-of-fact finds in favor of Lockett or finds in favor of Beng but limits his recovery to $25,000 or less, State Farm will be exonerated and judgment should be entered in its favor, yet the trial court should enter judgment in favor of Beng against Lockett in the amount confessed, $40,000.

■ On the other hand, if the trier-of-fact finds in favor of Beng but awards damages in excess of the amount confessed, then Beng's judgment against Lockett should be limited to the amount confessed, with State Farm held liable to Beng for the $15,000 in excess of Lockett's liability coverage. This disposition of the case would implement Lockett's right to confess judgment under Code § 8.01-431 and State Farm's right to appear and defend against Beng's claim under Code § 38.2-2206(F), thus serving the purposes of both statutes.

*Reversed and remanded.*