340

# CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Molly Riggins
and C. Allen Riggins

v.

Justin Andrews

September 29, 2009

Case No. CL05-1651

BY JUDGE LESLIE L. LILLEY

The matter comes before the court on (1) plaintiffs' motion for partial summary judgment, (2) defendants Andrews' and USAA's motions in limine to exclude plaintiff's expert witness, Dr. Bruce Tetalman, (3) defendant USAA's motion to edit the *de bene esse* deposition of Dr. John Williamson,

and (4) defendant Andrews' motion in limine to exclude the testimony of Dr. Wardell. The Court has reviewed the motions and briefs filed and considered the arguments of counsel made *ore tenus* on August 27, 2009.

## Background

Plaintiff C. Allen Riggins previously brought suit against defendant Justin Andrews to recover property damage resulting from a collision between a vehicle owned by him, but operated by his wife with his infant daughter Molly Riggins as a passenger, and a vehicle operated by Andrews. On June 29, 2000, that suit was heard and the court determined that Andrews' negligence was the proximate cause of the accident and awarded judgment to C. Allen Riggins for property damage.

The present action is a suit by C. Allen Riggins for the necessary expenses incurred in curing or relieving his infant child, Molly Riggins, of her injuries, and an action by Molly Riggins, having now attained the age of majority, to recover damages for pain and suffering, permanent injury and impairment of earning capacity, and medical bills she may incur in the future resulting from the same accident. Plaintiffs also brought USAA into the suit as an uninsured/underinsured motorist coverage provider.

## I. *Partial Summary Judgment*

Plaintiffs assert that the proximate cause of the accident resulting in personal injuries to Molly Riggins was determined by the June 29, 2000, trial and that the defendants are precluded from again litigating that issue. Thus, plaintiffs contend that partial summary judgment is appropriate because the doctrine of res judicata, or in the alternative collateral estoppel, bars defendants from re-litigating the issue of whether defendant Andrews' negligence caused the automobile accident that is the subject of this suit. Neither defendant Andrews, nor defendant USAA, has filed written responses to this motion. However, both defendants contend that res judicata is not appropriate. Further, defendant USAA contends that, as an uninsured motorist (UM) insurer, it is not bound by the prior case under either theory and should be allowed to re-litigate all issues.

The doctrine of res judicata prevents re-litigation of the same cause of action or any part thereof that could have been litigated between the same parties and their privies. *Bill Greever Corp. v. Tazewell Nat'l Bank*, 256 Va. 250, 504 S.E.2d 854 (1998). Four elements must be present before res judicata can be asserted to bar a subsequent proceeding: "(1) identity of the remedies

sought; (2) identity of the cause of action; (3) identity of the parties; and (4) identity of the quality of the persons for or against whom the claim is made." *Smith v. Ware*, 244 Va. 374, 376, 421 S.E.2d 444 (1992) (*quoting Wright v. Castles*, 232 Va. 218, 222, 349 S.E.2d 125 (1986)). The same transaction may give rise to more than one cause of action, even between the same parties. If it does, the doctrine of res judicata does not apply. *See Blanks v. Brooks*, 28 Va. Cir. 78, 80 (1992).

Here, C. Allen Riggins' first cause of action was to recover for property damage, and the plaintiffs' second cause of action is to recover for medical expenses and personal injuries. These are two separate causes of action,[1] and as such make the doctrine of res judicata inapplicable to the instant case. *See Blanks*, 28 Va. Cir. at 80.

The doctrine of collateral estoppel precludes the same parties to a prior proceeding from litigating in a subsequent' proceeding any issue of fact that was actually litigated and essential to a final judgment in the first proceeding. The following elements must be established before doctrine of collateral estoppel can be applied: (1) the parties to the prior and subsequent proceedings, or their privies, must be the same, (2) the factual issue sought to be litigated actually must have been litigated in the prior action, (3) the factual issue must have been essential to the judgment in the prior proceeding, and (4) the prior action must have resulted in a judgment that is valid, final, and against the party against whom the doctrine is sought to be applied. *Scales v. Lewis*, 261 Va. 379, 383, 541 S.E.2d 899 (2001). "In addition to those elements, there also must be "mutuality," i.e., a litigant cannot invoke collateral estoppel unless he would have been bound had the litigation of the issue in the prior action reached the opposite result." *Angstadt v. Atlantic Mutual Ins. Co.*, 249 Va. 444, 457 S.E.2d 86 (1995).

Neither Plaintiff Molly Riggins nor Defendant USAA was a party to the original property damage suit between C. Allen Riggins and Justin Andrews. For the doctrine collateral estoppel to apply now to the current personal injury suit, these new parties must be in privity with the original parties.

---

[1] When an unemancipated minor's injury is caused by a wrongful act, two causes of action ordinarily arise: (1) on behalf of the minor to recover for pain and suffering, permanent injury, and impairment of earning capacity after attaining majority, and (2) on behalf of the parent for loss of services during minority and necessary expenses incurred for the minor's treatment. *Moses v. Akers*, 203 Va. 130, 132, 122 S.E.2d 864 (1961); *see also* Va. Code § 8.01-36.

There is no fixed definition of "privity" for purposes of determining if collateral estoppel applies; rather, the touchstone is "a party's interest is so identical with another that representation by one party is representation of the other's legal right." *State Farm Fire & Cas. Co. v. Mabry*, 255 Va. 286, 289-90, 497 S.E.2d 844 (1998) (explaining privity in the context of collateral estoppel). Whether privity exists "requires a careful examination of the circumstances of each case." *Angstadt*, 249 Va. at 447.

A. *Molly Riggins*

In addressing whether privity exists between Molly Riggins and C. Allen Riggins in his action for property damage, the fact that the property damage suit between C. Allen Riggins and Justin Andrews was brought by Molly Riggins' father does not establish a foundation for privity. Privity as used in the context of collateral estoppel does not embrace relationships between persons or entities, but rather it deals with a person's relationship to the subject matter of the litigation. *Phillips v. General Motors Corp.*, 669 S.W.2d 665 (Tenn. App. 1984); *see also Kesler v. Fentress*, 223 Va. 14, 286 S.E.2d 156 (1982). Even where members of the same family are injured or killed in an automobile accident, each has an independent cause of action for personal injuries, free from issue or claim preclusion. *Spiker v. Capital Milk Producers*, 577 F. Supp. 416, 419 (1983).

Next, while liability for the accident is a common issue between the vehicle damage claim and the personal injury claim, apart from Molly Riggins' status as a passenger in the vehicle, there is no indicia of a privity relationship with the owner of the vehicle. The interests of C. Allen Riggins and Molly Riggins are not a mutual or successive relationship to the same rights of property, or such an identification of interest as to represent the same legal right. *See Spiker*, 577 F. Supp. at 419; *see also Gorski v. Deering*, 465 N.E.2d 759, 763 (Ind. App. 1984). Molly Riggins was not a party to the previous lawsuit, nor did she control the prior action, and she would not be precluded from bringing her claims if her father had not prevailed in the first suit for property damage. She was not a party and did not have identical interests to C. Allen Riggins. *See also Arsenault v. Carrier*, 390 A.2d 1048, 1051 (Me. 1978) (explaining that no privity exists between parent and child, and a suit by the former cannot extinguish or prejudice any existing cause of action in the latter).

Not only is there a lack of privity between this plaintiff and her father as to the vehicle damage suit, there is no mutuality, as to the results of that suit. For these reasons, and as to this plaintiff, the defendants cannot be barred by the doctrine of collateral estoppel from litigating the proximate cause of the accident.

B. *USAA*

As to the argument by Defendant USAA that collateral estoppel cannot bar its efforts to litigate the proximate cause of the accident, at the time of the accident, plaintiffs were the insureds under the uninsured or underinsured motorist provision of a motor vehicle liability policy issued by defendant USAA. Under § 38.2-2206(A) of the Virginia Code, an insurance company is obligated to pay the insured all sums that he is legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle within prescribed limits. *State Farm Mutual v. Brower*, 204 Va. 887, 892, 134 S.E.2d 277 (1964). USAA was served and made a party to this suit pursuant to Va. Code § 38.2-2206(F).

In *State Farm Mutual Auto. Ins. Co. v. Cuffee*, 248 Va. 11, 444 S.E.2d 720 (1994), the Virginia Supreme Court held that "both the uninsured motorist and the insurer may . . . employ counsel, file pleadings, participate in discovery, make and argue motions, examine and cross-examine witnesses, engage in argument at trial, admit liability, or pursue appeals. And each is entitled to control his or its own actions but not the actions of the other." *Id.* at 14; *see also* Va. Code § 38.2-2206(F).The Court has interpreted § 38.2-2206(F) to require that the insurer be allowed to present its defenses against the plaintiff's claim without regard to the course of action chosen by the defendant. *State Farm Mutual Auto. Ins. Co. v. Beng*, 249 Va. 165, 455 S.E.2d 2 (1995).

The Court has further held that an insurance company retains the right to defend against the plaintiff's claims even in instances where the defendant has admitted liability or has proffered a confession of judgment. *See Cuffee*, 248 Va. 11, 444 S.E.2d 720; *Beng*, 249 Va. 165, 455 S.E.2d 2. The Virginia Supreme Court has recognized that an uninsured motorist insurance carrier is not a tortfeasor, has no liability to anyone in tort, and does not stand in the shoes of a tortfeasor. *Virginia Farm Bureau v. Gibson*, 236 Va. 433, 441 (1988). Based on the Virginia Supreme Court's characterization of the nature of an uninsured motorist suit and the rights afforded to insurance companies, an uninsured motorist suit may be properly viewed as a suit against multiple defendants with different bases of liability. *Hodges v. Perry*, 43 Va. Cir. 340, 341 (1997).

Considering the Virginia Supreme Court's interpretation of the rights of uninsured motorist insurance carriers, clearly the interests of USAA and defendant Andrews do not satisfy the touchstone of privity. The hybrid nature of an uninsured motorist suit dictates that their interests are not "so identical" that USAA can be viewed as a privy of defendant Andrews. As the defendants are not in privity with each other, neither collateral estoppel nor res judicata can apply because both doctrines require the same parties to be present. Further, it would violate the provisions of § 38.2-2206(F) to bind USAA to a judgment that it was not a party to, nor had any opportunity to participate in to safeguard its interests.

## C. C. Allen Riggins

A last plaintiff to consider under this analysis is C. Allen Riggins in his suit to recover for the necessary expenses incurred in curing or relieving his infant child, Molly Riggins, of her injuries as a result of the accident between vehicles driven by Andrews and her mother. In this analysis, C. Allen Riggins is the same party in both suits (the previous vehicle damage claim and the claim for medical expenses) and thus the identity of parties is established. However, the underlying cause of action in the instant suit is for personal injuries to Molly Riggins and the recovery of medical expenses related to those injuries as opposed to the vehicle damage claim in the first suit. In this action, C. Allen Riggins' cause of action for medical and incidental expenses is a derivative action to Molly Riggins' personal injury claims. *Norfolk Southern Ry. v. Fincham*, 213 Va. 122, 128 (1972) (holding that a jury must return a verdict for the infant before his father was entitled to recover). As previously reviewed, Molly Riggins could not be barred from pursuing her claims for personal injuries if the result in the first suit for property damage resulted in a judgment for the defendant. C. Allen Riggins' suit for recovery of medical expenses is both a separate cause of action from the vehicle damage suit, barring res judicata, and lacks the aspects of mutuality required for the application of collateral estoppel. *Angstadt*, 249 Va. at 447; that is, a judgment in the initial vehicle damage suit in favor of Andrews would not be a bar to Molly Riggins' suit for personal injuries against Andrews, and C. Allen Riggins likewise would not be barred from litigating Andrew's liability for medical bills for Molly Riggins' injuries. Also without a valid verdict for Molly's personal injury claims, C. Allen Riggins' claims for medical expenses could not stand. *See Norfolk Southern Ry. v. Fincham*, 213 Va. at 128 (a father's claim for medical and incidental expenses is a derivative action to the infant's personal injury claim). As such, C. Allen Riggins cannot invoke the doctrine of collateral estoppel.

For the reasons stated in the foregoing analysis, the plaintiffs C. Allen Riggins' and Molly Riggins' motion for partial summary judgment against defendants Andrews and USAA are denied.

## II. *Testimony of Dr. Tetalman*

Both defendant Andrews and defendant USAA have made motions in limine to exclude plaintiffs' expert witness Dr. Bruce Tetalman. Defendants contend that Dr. Tetalman should be excluded because he should not be qualified as an expert witness because he is not currently licensed by the Virginia Department of Health Professions and is not permitted to provide a medical opinion in this matter.

The decision as to when a witness is indeed qualified as an expert is within the discretion of the trial court. *See Johnson v. Commonwealth*, 259 Va. 654, 529 S.E.2d 769 (2000). To qualify as an expert, the witness need not be licensed by an examining board, nor be engaged in any particular profession or calling. A physician's lack of current practice in the state forms no basis, in itself, for the exclusion of his testimony. *Grubb v. Hocker*, 229 Va. 172, 177, 326 S.E.2d 698 (1985). A lapse of a physician's Virginia license did not negate the witness' familiarity with the applicable standard. *Id.*

Defendant Andrews cited authority where the Court held that it was unlawful for anyone who does not have an appraiser's license to testify for compensation about the value of real property and asserted that the instant situation is similar. *Lee Gardens Arlington, L.P. v. Arlington*, 250 Va. 534, 463 S.E.2d 646 (1995). However, that prohibition against unlicensed appraisers testifying is statutory and no such statute exists for medical doctors.

Further, the Virginia Supreme Court has recognized that a witness need not be licensed to practice medicine to give an expert opinion on medical causation, and such testimony does not constitute the unauthorized practice of medicine. *Velazquez v. Commonwealth*, 263 Va. 95, 104, 557 S.E.2d 213 (2002) (holding a sexual assault nurse examiner need not be licensed to practice medicine to give an expert opinion on medical causation).

In the instant case, Dr. Tetalman was duly licensed in Virginia and other states for thirty-five years. Dr. Tetalman's lack of a current medical license does not automatically disqualify him from being an expert witness. It is in the court's discretion, considering all of Dr. Tetalman's qualifications, to make the determination.

This court denies defendants' motions to exclude the testimony of Dr. Tetalman, based on the previously mentioned qualifications.

### III. *The Deposition of Dr. Williamson*

Defendant USAA, by a motion in limine, has moved this court to rule on certain objections of the *de bene esse* deposition of Dr. John Williamson taken on August 6, 2009. Plaintiffs made numerous objections most concerning whether the witness was testifying as to the opinions or impressions of the other doctors who were not present for cross-examination and that the witness' testimony was outside the scope of any designated opinion. Defendant objected to the form of several questions posed by Plaintiffs and also objected to the Plaintiffs' ability to re-cross-examine the witness.

Having received and summarily reviewed the deposition and the objections made in the body of the transcript, the parties are directed that objections shall be specific, be cited to the transcript, and include any necessary authority supporting the objection made. A telephone conference will be held where the parties will have the opportunity to make their specific objections with supporting authority. This Court will rule on the objections after such conference has taken place.

### IV. *Testimony of Dr. Wardell*

The parties agreed to have the issue of whether to exclude the testimony of Dr. Wardell decided on the briefs which both parties have submitted. Plaintiffs' notice of designation and disclosure of Dr. Wardell's testimony states that Dr. Wardell will be qualified as an expert and will opine in his testimony to a reasonable degree of medical probability. Defendant Andrews' allegations of insufficient foundation appear at this point more the subject of valid cross-examination, rebuttal testimony, and argument than substance for exclusion of the expert's testimony.

Defendant Andrews cites *Countryside Corp. v. Taylor*, 263 Va. 549, 553, 561 S.E.2d 680, in a broad brush as its sole authority on exclusion of Dr. Wardell's testimony in a state court.

Whether a witness demonstrates expert knowledge of the appropriate standards of the defendant's specialty is a question largely within the sound discretion of the trial court. *Lawson v. Elkins*, 252 Va. 352, 354, 477 S.E.2d 510 (1996). Expert testimony will be received if it "will assist the trier of fact to understand the evidence or to determine à fact in issue." Va. Code § 8.01-401.3. The facts must show that an expert possesses sufficient knowledge, skill, or experience to make him competent to testify as an expert on the subject matter of the inquiry. *Noll v. Rahal*, 219 Va. 795, 801, 250 S.E.2d 741

(1979). Expert testimony that is speculative or founded only on assumptions that have no basis in fact is inadmissible. *Countryside Corp. v Taylor*, 263 Va. at 553.

From the transcript provided and the disclosure of proposed testimony, Dr. Wardell's opinions were developed during the course of treatment. His opinions appear to be based on his observations as a treating physician rather than solely on assumptions that have no basis in fact. Treating physicians in Virginia have traditionally been allowed to give expert opinions. In *Pettus v. Gottfried*, 269 Va. 69, 606 S.E.2d 819 (2005), the Virginia Supreme Court held admissible under Va. Code § 8.01-399(B) a treating physician's conclusion during the course of treatment that a patient's change in mental status "could have been" a central nervous system problem. 269 Va. at 77. The Court there explained that, although the challenged testimony was not stated to a reasonable degree of medical probability, the testimony was nevertheless admissible under the statute because the testimony did not constitute a diagnosis, but was "factual in nature" and simply related the physician's impression while treating the patient. *Id.* at 78. An expert diagnosis offered to a reasonable degree of medical probability and contemporaneously documented in the medical record is admissible. *Id.* at 79.

Based on the proffered qualifications and observations of Dr. Wardell to the extent made available to the Court at this stage of the proceedings, it appears that his proposed testimony will assist the trier of fact and that he possesses sufficient knowledge, skill, or experience to render an opinion that is offered to a reasonable degree of medical probability.

The motion in limine to exclude Dr. Wardell's testimony is denied; however, defendant Andrews may renew his motion in the course of trial and the court may reconsider depending on the law of the case as it evolves. *See Turner v. Wexler*, 244 Va. 124, 418 S.E.2d 886 (1992).

Defendants have withdrawn their motions to exclude the testimony of Dr. Goldwag. Various other motions in limine with respect to the testimony of Drs. Karp, Gray, and Warden were filed, but have not been fully argued. The parties are directed to timely bring these matters before the Court for hearing.

In conclusion, plaintiffs' motion for partial summary judgment is denied, defendants' motions to exclude the testimony of Dr. Tetalman are denied, the Court will reserve ruling on the objections to Dr. Williamson's *de bene esse* deposition until a telephone conference is held, defendant Andrews' motion to exclude the testimony of Dr. Wardell is denied, the parties have withdrawn the motion to exclude Dr. Goldwag, and as to the other various motions in limine that have been filed but not fully argued, the court will reserve ruling on these motions until argument is heard.