# CIRCUIT COURT OF THE CITY OF RICHMOND

Sheila Ray Womack

v.

Jerrene C. Yeoman

## Case No. CL09-5191

By JUDGE MARGARET P. SPENCER

October 3, 2011

*Order*

Came the parties and the underinsured motorist insurer, by their counsel, on September 15, 2011, upon Plaintiff's Motion for Summary Judgment and after due and proper notice thereof. Upon the Court's consideration of the memoranda of law filed herein and the argument of counsel, the Court does hereby order that Plaintiff's Motion for Summary Judgment is granted for the reasons set forth in the record. Judgment in the amount sued for, $4,000,000, is entered in favor of the Plaintiff plus post-judgment interest accruing from September 15, 2011, at the rate prescribed by law until paid. The Court does not enter any order inconsistent with the Order granting relief from stay entered by the United States Bankruptcy Court for the Eastern District of Virginia on March 4, 2011.

The Court does further order that the case be removed from the docket and placed among the ended cases. Endorsement of counsel is dispensed with pursuant to Rule 1:13 of the Rules of the Supreme Court of Virginia as the Court's ruling was announced to the parties in open court. All objections of the parties are noted and preserved as set forth in the record.

October 19, 2011

*Order*

This matter is before the Court on Transportation Insurance Company's Motion for Reconsideration of this Court's ruling on the Motion for Summary Judgment in this case. Transportation's Motion for Reconsideration is denied for the following reasons.

Transportation cites Va. Code § 38.2-2206(F) and two cases, *State Farm Mutual Automobile Ins. Co. v. Beng*, 249 Va. 165, 455 S.E.2d 2 (1995), and *State Farm Mutual Automobile Ins. Co. v. Cuffee*, 248 Va. 11, 444 S.E.2d 720 (1994).

Section 38.2-2206(F) states, in relevant part "[t]he insurer shall then have the right to file pleadings and take other action allowable by law in the name of the owner or operator of the uninsured or underinsured motor vehicle or in its own name."

In *Beng* and *Cuffee*, State Farm had entered an appearance and filed grounds of defense in the action. State Farm had therefore asserted defenses in each case. In *Cuffee*, State Farm asserted its defenses of contributory negligence and assumption of risk. *Cuffee*, 248 Va. at 12, 444 S.E.2d at 721. In *Beng*, State Farm denied negligence and asserted the defense of contributory negligence. *Beng*, 249 Va. at 167, 455 S.E.2d at 3. The admission of liability by Plaintiff Cuffee and the confession of judgment by Plaintiff Beng denied State Farm the opportunity to present its defenses to the Court. *Cuffee*, 248 Va. at 15, 444 S.E.2d at 723 ("[T]he trial court was required to resolve the conflicting demands of State Farm, which desired to litigate the defenses potentially available to defeat Cuffee's claim. . . ."). In both *Beng* and *Cuffee*, the Supreme Court of Virginia held the trial court had denied the insurers their right to present their asserted defenses against the plaintiffs' claims.

Here, the insurer, Transportation Insurance Company, filed an answer, which pleaded and averred "any and all affirmative defenses required by law." Further, Transportation called on "the Defendant and her liability insurance carrier to plead and prove these affirmative defenses." In this case, the defendant and her liability insurance carrier admitted liability. Neither Transportation, the Defendant, nor the defendant's liability insurance carrier asked for an extension of time to file an amended answer or rescind their concession of liability. Section 38.2-2206(F) allows the insurer to "file pleadings and take other action allowable by law." This Court is not aware of any law that would allow an insurer, who conceded pleading and proof of defenses to parties who admitted liability, to avoid entry of summary judgment against the named defendant in this case. If so, a plaintiff would be precluded from obtaining a valid default judgment against a defendant in

default, even after the insurer conceded pleading and proof to the defaulted defendant, simply by operation of the statute.

The error identified by the Supreme Court of Virginia in the cited cases was the failure to allow the insurer to present defenses asserted in the case. Indeed, the Court remanded *Beng*, which relied on *Cuffee*, to fashion a "workable solution." The two "possible solution[s] to the problem the case presents" both involved the initial determination of "the issues raised by State Farm's grounds of defense." *Beng*, 249 Va. 170, 455 S.E.2d at 5. In *Cuffee*, the majority stated: "[b]ecause the trial court improperly prohibited and barred [State Farm] from presenting any 'testimony, evidence, objections, or argument on the issues of contributory negligence and assumption of the risk' in the trial of this case, we well reverse the judgment appealed from and remand the case for further proceedings consistent with the views express in this opinion." *Cuffee*, 248 Va. at 15, 444 S.E.2d at 722. Here, Transportation exercised its rights under the statute. It relied on the defendant as to the liability issue. It presented its argument, again relying on the defendant, against summary judgment on the damages issue. Unlike *Cuffee* and *Beng*, there are no issues to be presented by Transportation for resolution to this Court.

This Court has addressed the argument and cases based on § 38.2-2206(F) in Transportation's Motion to Reconsider. The Motion to Reconsider is therefore denied.

October 28, 2011

*Order*

On August 25, 2011, the parties appeared before this Court to argue Defendant's Motion for Sanctions, which was filed on July 21, 2011. The Defendant asserts Plaintiff's counsel filed "Plaintiff's Objections to Defendant's Witnesses and Exhibits" with the Court in violation of Va. Code § 8.01-271.1. The Court has considered the pleadings, motions, evidence, and arguments presented by counsel at the hearing.

This case involves a motor vehicle accident that occurred in April 2008. As a result of the accident, the Plaintiff filed this action for personal injuries, which include an alleged traumatic brain injury.

The following information was presented to the Court during the August 25, 2011, hearing. Due to the degree of the claimed injuries in this case, Defendant's counsel researched the nature and extent of the purported damages. The research included various internet and social networking searches. For example, the Defendant's counsel conducted MySpace, Facebook, and Google searches of the Plaintiff and her family. These searches uncovered various photographs, postings, and other

information, which caused the Defendant's counsel to forward the results to the Plaintiff's counsel. Plaintiff's counsel objected to the information, during an emotional conversation at the courthouse and stated Defendant's attorney had engaged in unethical and illegal conduct by "hacking" into the various social networking online accounts. Plaintiff's counsel advised him the information was from public sites, like Google.

Subsequently, the Plaintiff's attorney filed "Plaintiff's Objections to Defendant's Witnesses and Exhibits," which included an objection to a slide of internet findings. Specifically, the Plaintiff's counsel stated that the photographs and text postings located by counsel "violate Plaintiff's and her family's right to privacy under the Stored Communications Act." Pl.'s Objections to Def.'s Witnesses and Exs. 4-7.

Va. Code § 8.01-271.1 mandates that "every pleading, written motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name." Further, such a signature:

> [C]onstitutes a certification by him that (i) he has read the pleading, motion, or other paper, (ii) to the best of his knowledge information and belief, formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and (iii) it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

Va. Code Ann. § 8.01-271.1.

The Plaintiff has a large family with eleven siblings, most of whom, if not all, are members of social media websites. Defendant's counsel indicated she was able to obtain the disputed information about the Plaintiff's alleged injuries through searching the plaintiff and her family. Social media and internet searches are regularly becoming a normal step in an attorney's investigation and research of a case. Simply entering a name into Google, Facebook, MySpace, or any other social networking website, which was done in this case, does not constitute a violation of anyone's privacy rights. The public information posted on the internet is not private information. It is posted on a public medium, and available to anyone with access to the internet. There are ways to secure "non-public" data and information on social networking sites, but these measures were not instituted in this case. Instead, the social media pages were "public" when the Defendant's counsel conducted her internet search.

The only research conducted by the Plaintiff's attorney into his allegations was to ask his client about the nature of her accounts. Plaintiff's counsel indicated his client did not have an account and she thought her

family members' accounts were private. Further, Plaintiff's counsel stated he asked the Plaintiff's sister about her account, which she stated was private. Testimony revealed that her account was set to private following Defendant's internet search, not prior to her search. Plaintiff's counsel did not inquire about any other family member accounts or conduct a search on Google or other public sites or research the Stored Communications Act. His conduct was insufficient to constitute a reasonable inquiry into the factual and legal allegations submitted to this Court, in Plaintiff's Objections to Defendant's Witnesses and Exhibits. Information posted on one's individual account may be viewed through another person's account depending on privacy settings. Simply asking a client about the settings on an account is not conducting a reasonable inquiry into an allegation of illegal or unethical behavior.

At no time did Defendant's counsel ever "hack" into any private accounts, breach any law, or engage in unethical conduct. The Defendant's counsel was able to gather information by conducting a Google search of numerous family members. Further, Defendant's counsel did nothing wrong when accessing public Facebook accounts. Information posted on Facebook is a matter of public information. The Defendant's counsel did not recover any information protected by any privacy settings or engage in any criminal activities as alleged by Plaintiff's counsel.

The Stored Communications Act regulates unauthorized access to electronically stored information. An offense under the Stored Communications Act is committed when someone "(1) intentionally accesses without authorization a facility through which an electronic communication service is provided;" or "(2) intentionally exceeds an authorization to access that facility; and thereby obtains . . . [an] electronic communication while it is in electronic storage in such system." 18 U.S.C., § 2701(a)(1)-(2). However, it does not apply to an "electronic communication [that] is readily accessible to the general public." 18 U.S.C., § 2511(2)(g).

When Plaintiff's counsel signed and filed "Plaintiff's Objections to Defendant's Witnesses and Exhibits" with this Court, he violated Va. Code § 8.01-271.1. The assertions and accusations made by Plaintiff's Counsel on pages 4 to 7 of "Plaintiff's Objections to Defendant's Witnesses and Exhibits" were neither well grounded in fact, nor warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, in violation of Va. Code § 8.01-271.1. Therefore, it is hereby ordered that Plaintiff's counsel pay Defendant's counsel's cost of this Motion. Defendant's counsel shall submit the request to Plaintiff's counsel. If there is a dispute as to the costs, the parties must notify the Court as soon as possible.

November 4, 2011

*Order*

On August 25, 2011, the parties, by counsel, appeared before this Court for a hearing on the Defendant's Motion for Sanctions. Counsel for the defendant moved for sanctions pursuant to § 8.01-271.1 and Rule 3.3 of the Virginia Rules of Professional Responsibility. Defendant's counsel's motion was brought before this Court based upon accusations of violations of the Stored Communications Act, 18 U.S.C., § 2701, as well as suggested violations of the Rules of Professional Responsibility.

Upon consideration of submitted briefs and oral argument, the Court finds that Plaintiff's Objections to the Defendant's Witnesses and Exhibits was not formed after a reasonable inquiry, was not well grounded in fact, and was not warranted by existing law in violation of § 8.01-271.1 of the Virginia Code. The Court finds there was no reason to believe that, as a matter of fact or law, the Act had been violated. Accordingly, it is ordered that Defendant's Motion for Sanctions is granted, and sanctions are imposed against counsel for the plaintiff, Schilling and Esposito personally, in the amount of $3,647.90, the Court having considered the Affidavit of attorney's fees and costs attached hereto and incorporated into this Order. Said monetary sanctions in the stated amount are to be mailed payable to GEICO and delivered to Ms. Jayne Randall, Esquire, within two weeks from the date of entry of this Order. The Court hereby vacates the last two sentences of its October 28, 2011, Order, which is incorporated herein by reference.

The Clerk of the Court is directed to send a copy of this Order to counsel for the parties. Endorsements are waived pursuant to Rule 1:13.