PRESENT: All the Justices

TRANSPORTATION INSURANCE COMPANY

OPINION BY
v.  Record No. 112283        JUSTICE LEROY F. MILLETTE, JR.
                                November 1, 2012
SHEILA WOMACK


              FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                      Margaret P. Spencer, Judge

     In this appeal we determine that the circuit court erred

in extending summary judgment entered against a defendant

motorist to likewise bind the underinsured motorist (UIM)

insurance carrier.  Despite the UIM carrier's reliance on the

defendant and her liability insurer to mount a defense, the UIM

insurance carrier retains its own right to defend in the event

that the interests of the UIM insurance carrier and the

defendant or her liability insurer diverge.

                      I.  Facts and Proceedings

     Sheila Womack filed suit against Jerrene V. Yeoman to

recover four million dollars for injuries sustained from a car

accident allegedly caused by the negligent driving of Yeoman.

A copy of the complaint was served on Transportation Insurance

Company (Transportation), Womack's UIM carrier, which is a

prerequisite under Code § 38.2-2206(F) for Womack to take

advantage of the policy's UIM provisions.

     Both Yeoman, represented by her liability insurance

carrier, Government Employees Insurance Company (GEICO), and

Transportation filed answers to the complaint in their own names. Yeoman denied all allegations of negligence and asserted an intent to plead affirmative defenses, including a claim of contributory negligence. Transportation similarly denied all allegations of negligence, reserved the "right to defend this case in its own name or in the name of the Defendant as permitted by statute," and pled all affirmative defenses that would be supported by evidence. Transportation asked that Yeoman's "liability insurance carrier . . . plead and prove the[] affirmative defenses."

Following the filing of Yeoman's and Transportation's answers, Yeoman proceeded to file all motions for the defense and answer all motions filed by Womack. Transportation remained silent. In the midst of the developing litigation, Yeoman filed a voluntary petition under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Virginia. As a result, the tort proceedings were stayed until the conclusion of the bankruptcy action.

In Yeoman's bankruptcy petition, fifteen million dollars of debt surrounding the tort litigation was listed with no indication in the provided columns of the schedules of debt that the claim was either disputed or contingent. The schedules listed claims of five million dollars each owed to

Womack, GEICO, and Transportation. Based on these signed statements, discharge under Chapter 7 of the Bankruptcy Code was granted. The stay was subsequently lifted with instructions that "the movant . . . not enforce the recovery or judgment against the debtor *in personam*, the property of the debtor, or property of the estate."

Based on Yeoman's designation of the debt arising from the tort action in her Chapter 7 bankruptcy proceedings as uncontested, and the subsequent discharge in bankruptcy, Womack made a motion for summary judgment. The motion was heard in the Circuit Court of the City of Richmond, where counsel for Womack, Yeoman, and Transportation were all present. Womack based her motion on claims that Yeoman would approbate and reprobate and violate the doctrine of judicial estoppel if she were permitted to continue to deny liability in the tort action after admitting liability in bankruptcy court.

In response, Yeoman claimed that the omission of language indicating that the liability claims were disputed or contested was an inadvertent error that caused no prejudice to Womack, thereby precluding summary judgment based upon approbating and reprobating or judicial estoppel. Transportation filed a response noting its support of Yeoman's defense. During oral argument, Transportation objected to the suggestion that the UIM carrier should also be bound by the bankruptcy proceeding,

3

contending that it had no knowledge of the details of, and was not a party to, the Chapter 7 bankruptcy proceeding.

The circuit court granted Womack's motion for summary judgment on the ground that a continued denial of liability by Yeoman would constitute impermissible approbating and reprobating. The court was not clear, however, as to whether Transportation was also subject to the ruling. Transportation filed a motion to reconsider, asking that it be able to defend its interests as the UIM carrier. The court denied the motion, explaining that Transportation had relinquished its rights to put forth a defense by filing an answer that relied on the defendant's liability insurance carrier to assert its affirmative defenses, and that "defendant and her liability insurance carrier admitted liability." Transportation now appeals the judgment.

## II.  Analysis

### A.  Standard of Review

Although the circuit court did not explicitly include Transportation when it granted Womack's motion for summary judgment, the subsequent denial of Transportation's motion to reconsider and refusal to permit it to defend its interests as the UIM carrier clearly establish Transportation as a party subject to the summary judgment ruling. As this appeal arises from the grant of a motion for summary judgment against

4

Transportation and Yeoman, we will review "the application of law to undisputed fact de novo."  St. Joe Co. v. Norfolk Redevelopment & Hous. Auth., 283 Va. 403, 407, 722 S.E.2d 622, 625 (2012).

## B.  Right to Defend

Code § 38.2-2206(F) provides that when an insured plaintiff brings suit against a uninsured motorist (UM) or a UIM and intends to make a claim for recovery from the insurer, the UM or UIM insurance carrier will "have the right to file pleadings and take other action allowable by law in the name of the owner or operator of the uninsured or underinsured motor vehicle or in its own name."  It is therefore undisputed that a UIM insurance carrier has a statutory right to defend its interests in a tort action between the insured plaintiff and the underinsured defendant.

It is also undisputed that the UIM insurance carrier's right to defend is not tied to the actions of the underinsured defendant, but rather "each is entitled to control his or its own action but not the actions of the other."  State Farm Mut. Auto. Ins. Co. v. Cuffee, 248 Va. 11, 14, 444 S.E.2d 720, 722 (1994).  When we first discussed this issue in Cuffee, we held that an uninsured defendant's admission of liability for a car accident did not bind the UM carrier to the admission, thereby allowing the carrier to assert its own defense as to liability

5

and damages.  Id. at 14-15, 444 S.E.2d at 722.  One year later in State Farm Mut. Auto. Ins. Co. v. Beng, 249 Va. 165, 169, 455 S.E.2d 2, 4 (1995), we found a confession of judgment "indistinguishable" from an admission of liability.  The confession of judgment was entered by the underinsured defendant for an amount $15,000 greater than was covered under his liability insurance coverage.  Id. at 167, 455 S.E.2d at 3.  Even though it did not wish to contest liability, the UIM insurance carrier sought to continue its defense with regards to damages.  Id.  Because it was denied its right to proceed, we reversed.  Id. at 171, 455 S.E.2d at 5.  Whether an admission of liability or a confession of judgment, a UM or a UIM, a denial of the right to defend against liability or simply to contest damages, the effect of "deny[ing] the insurer the rights granted by Code § 38.2-2206(F)" remains the same.  Id. at 169, 455 S.E.2d at 4.

Womack argues that the facts of this case are different.  Unlike in Cuffee and Beng, in which the circuit court completely foreclosed the UM or UIM insurance carriers from defending the tort claims following the defendant's admission of liability or confession of judgment, Womack claims that Transportation voluntarily relinquished its right to defend in its own name to Yeoman and her liability insurance company.

6

Transportation allegedly did so in its answer, which stated that:

> Transportation Insurance Company hereby pleads and avers any and all affirmative defenses required by law to be [pled] and which are supported by the discovery or evidence, such as the lack of negligence on the part of the Defendant, the negligence of third parties over whom the defendant exercised no control or right to control, contributory negligence, assumption of the risk, sudden emergency, unavoidable accident, Act of God, failure to mitigate damages, existence of pre-existing conditions, and the statute of limitations. Transportation Insurance Company calls on the Defendant and her liability insurance carrier to plead and prove these affirmative defenses.

After filing its answer, Transportation did not participate again in its own name until filing a response to the motion for summary judgment, when it once more adopted the defense asserted by Yeoman. Womack contends that Transportation, based on its consistent reliance on Yeoman and her liability insurer, fully exercised its rights by turning the defense over to Yeoman in its entirety.

Transportation denies handing its right to defend over to Yeoman. As in Cuffee and Beng, Transportation filed an answer in its own name as permitted under Code § 38.2-2206(F). The wording of its answer did not merely "call upon the Defendant and her liability insurance carrier to plead and prove . . . affirmative defenses," but also specifically denied liability and asserted several affirmative defenses. Transportation

7

describes the "call" for Yeoman to prove these defenses as a demand that Yeoman act on the affirmative defenses rather than a relinquishment of all responsibility for the defense. It claims that a liability insurance carrier has a non-delegable duty to defend the insured, and that by asking the liability insurer to assert affirmative defenses Transportation was merely asking the liability insurer to fulfill its statutory requirement to defend.

Transportation also rejects Womack's assertion that it ceded its defense in its response to the motion for summary judgment. Transportation contends that as Yeoman was the only party included in Womack's motion for summary judgment, Transportation had no reason at that time to argue for its own right to defend the case. According to Transportation, regardless of the outcome of the summary judgment motion, it retained the right under the statute and case law to defend its interest as a UIM carrier.

We agree with Transportation. In reviewing Transportation's answer in its entirety, it is clear that Transportation retained its right to defend should Yeoman or her liability insurance carrier later abandon their own defense of the case. This is evidenced by Transportation's decision to file an answer in its own name, reserving "the right to defend th[e] case in its own name or in the name of the Defendant as

8

permitted by statute."  Transportation went on to deny allegations included in Womack's complaint and assert specific affirmative defenses that it demanded the liability insurer assert in the course of litigation.

In relying upon Yeoman's liability insurance carrier to defend the case, Transportation did not relinquish its right to conduct its own defense if the interests of the parties diverged.  As long as it was in the interest of Yeoman, her liability insurance carrier and Transportation to actively defend against Womack's claim as to liability and damages, there was no reason for Transportation to mount a separate defense.  Only when the interests of the parties diverged, as when Yeoman found it in her interest to file for bankruptcy, was it in Transportation's interest to mount a separate defense.

The circuit court's decision to encompass the UIM insurance carrier in its grant of summary judgment against Yeoman is a result we rejected in Cuffee and Beng.  As in Cuffee and Beng, Transportation participated in the litigation when it filed an answer in its own name in which it denied the defendant's negligence.  Beng, 249 Va. at 167, 455 S.E.2d at 3; Cuffee, 248 Va. at 12, 444 S.E.2d at 721.  Thus, Transportation was subsequently precluded from exercising its statutory right to defend when it was subjected to summary judgment based

solely on the defendant's own attempts to approbate and reprobate, just as the UM and UIM insurance carriers in Cuffee and Beng were improperly prohibited from asserting a defense based on the defendant's admission of liability or confession of judgment. Beng, 249 Va. at 167, 455 S.E.2d at 3; Cuffee, 248 Va. at 15, 444 S.E.2d at 722. That the judgment at hand was based on approbating and reprobating rather than an admission of liability, as in Cuffee, or a confession of judgment, as in Beng, warrants no alteration to our analysis. Transportation retained a right to defend under Code § 38.2-2206(F) just as the UM and UIM insurance carriers have in previous cases before the Court. Having been denied its right to continue in its own defense, summary judgment against Transportation must therefore be reversed and the case remanded to allow Transportation to assert the defense it was denied.

In reversing summary judgment as to Transportation, we must necessarily reverse the summary judgment entered against Yeoman under the controlling precedent of Cuffee and Beng. As in Beng, one solution to the impact of Yeoman's admission would be for the circuit court to find the defendant's actions worthy of an entry of judgment against her, but "refrain from entering judgment thereon until after the issues raised by [the UIM carrier] have been litigated." Beng, 249 Va. at 170-71, 455 S.E.2d at 5. This is, however, merely one avenue for

resolution.  We continue to follow our dispositions in <u>Cuffee</u> and <u>Beng</u> in leaving the best means of resolving the conflict between the defendant's right to control her case, including the right to admit liability, and the UIM carrier's right to defend its interests to the "ingenuity of the trial courts," which will best be able to "fashion workable solutions to problem cases."  <u>Cuffee</u>, 248 Va. at 14, 444 S.E.2d at 722; <u>see also Beng</u>, 249 Va. at 170, 455 S.E.2d at 5.

### III.  Conclusion

For the aforementioned reasons, we will reverse the circuit court's award of summary judgment in favor of Womack and remand the case to allow Transportation to present a defense, as permitted by Code § 38.2-2206(F) and our holdings in <u>Cuffee</u> and <u>Beng</u>.

<u>Reversed and remanded.</u>

11